765 So.2d 255 (2000)
Jermaine WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3995.
District Court of Appeal of Florida, Second District.
August 11, 2000.
*256 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Jermaine Woods challenges his conviction for possession of cocaine following a nonjury trial. Because the State failed to prove constructive possession, we reverse and remand with directions to the trial court to dismiss the case.
At Woods' nonjury trial, Officer Gandy of the Clearwater Police Department testified that he pulled his marked cruiser behind Woods' car after Woods and his passenger drove the wrong way on a street posted "Do Not Enter." Officer Gandy did not activate his siren or emergency equipment to stop Woods, but simply followed Woods into a convenience store parking lot. As Officer Gandy approached Woods' car, Woods stepped out from the driver's side. When Woods stepped out, a brown cigar tube fell at his feet from inside the car. Woods looked down and kicked the cigar tube under the edge of the car. As Woods walked toward the convenience store, Officer Gandy told him to stop. At that point, Woods' passenger stepped out of the car and jogged away despite police warnings to stop. Woods later claimed that he knew the passenger only as "Tony," and the police never located or questioned "Tony."
Officer Gandy testified that Woods looked nervous as Officer Gandy approached him. A second officer stood by Woods while Officer Gandy picked up the cigar tube and opened it. After opening the tube, Officer Gandy arrested Woods, telling him that he was being arrested for possession of cocaine. At that point, Woods shouted to a nearby group of bystanders, "They planted it on me."
The car Woods was driving was registered to his girlfriend. When Officer Gandy asked Woods how he came to have the cocaine, Woods said that his passenger had tossed the cigar tube toward the driver's side of the car as Woods got out. When Officer Gandy asked Woods why he had *257 kicked the cigar tube under the car, Woods said he did not know.
At the close of the State's evidence, Woods moved for a judgment of acquittal, arguing that the State failed to prove either actual or constructive possession of the cocaine, that the State failed to establish that Woods knew that the cigar tube contained cocaine, and that the State failed to rebut every reasonable hypothesis of innocence. The trial court denied this motion, holding that the State had proved constructive possession. Woods challenges this ruling on appeal.
Constructive possession requires proof of three elements: (1) that the defendant had dominion and control over the contraband, (2) that the defendant knew that the contraband was in his presence, and (3) that the defendant knew of the illicit nature of the contraband. See Brown v. State, 428 So.2d 250, 252 (Fla. 1983); Isaac v. State, 730 So.2d 757, 758 (Fla. 2d DCA 1999); S.B. v. State, 657 So.2d 1252, 1253 (Fla. 2d DCA 1995). If the location where the contraband is found is in the possession of two or more individuals jointly, knowledge of the contraband's presence will not be inferred but must be established by independent proof. See S.B., 657 So.2d at 1253; Murphy v. State, 511 So.2d 397, 399 (Fla. 4th DCA 1987). Such proof may consist of evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer knowledge. See Murphy, 511 So.2d at 399. Moreover, "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." State v. Law, 559 So.2d 187, 188 (Fla.1989); Isaac, 730 So.2d at 758.
The evidence in this case established that the car Woods was driving was in the joint possession of Woods, his girlfriend, and his passenger. The evidence also established that the cigar tube fell from the carnot Woods' personwhen Woods opened the door to get out. Because the car was in the joint possession of two or more individuals, Woods' knowledge of the cocaine's presence could not be inferred but had to be established by independent proof.
The State admits that it did not offer proof that Woods had actual knowledge of the presence of the cocaine. However, the State contends that it offered proof of incriminating statements and other circumstances from which the trier of fact could infer knowledge of the cocaine's presence. We disagree.
The State argues that Woods' statement "[t]hey planted it on me" would allow the trier of fact to infer knowledge of the cocaine's presence and is inconsistent with Woods' reasonable hypothesis of innocence. The record, however, does not bear this out. Officer Gandy clearly testified that Woods did not make this statement until after Gandy told Woods that he was under arrest for possession of cocaine. Moreover, Woods' statement disclaims possession or ownership. Therefore, the statement and the circumstances surrounding its making do not establish that Woods knew of the cocaine's presence prior to Officer Gandy opening the cigar tube, and they are entirely consistent with Woods' reasonable hypothesis of innocence. The State also argues that Woods' attempt to kick the cigar tube under the car would allow the trier of fact to infer knowledge of the cocaine's presence. We conclude that this kick and the circumstances surrounding it are not sufficient to establish knowledge of the cocaine's presence and are consistent with Woods' reasonable hypothesis of innocence.
Because the evidence presented at trial was insufficient to establish that Woods had constructive possession of cocaine, we reverse his conviction and remand this *258 case to the trial court with directions to dismiss the charge.
BLUE and WHATLEY, JJ., Concur.