SALCINES, Judge.
Roy Lavon Phillips, II (Phillips), appeals his convictions for trafficking in methamphetamine, use or possession of drug paraphernalia, possession of dextro-propoxyphene, and possession of cannabis. Phillips asserts that the trial court erred when it denied his motion for judgment of acquittal for the possession of cannabis charge. We reverse his conviction for possession of cannabis, but affirm the remaining convictions and sentences without comment.
The Polk County Sheriffs Department executed a search warrant at a trailer in Bartow. In the unlocked living area of the residence, the deputies found a man and a woman who had been sleeping there. The two bedrooms in the residence were unoccupied and locked. The deputies located quantities of controlled substances and letters and bills addressed to “Roy Phillips” in the bedrooms. In a locked storage shed behind the residence, the deputies found 68.1 grams of cannabis inside a coffee can. The two individuals who were found in the residence did not have any keys in their possession.
Phillips was not present in the trailer at the time the search warrant was executed. *137 Nevertheless, an arrest warrant was issued for Phillips based upon the recovery of contraband from the trailer. When Phillips was subsequently arrested and questioned, he admitted that controlled substances and paraphernalia could have been in the trailer. However, he never mentioned the cannabis and the deputies never questioned him concerning the cannabis.
At trial Phillips testified that he did not reside in the trailer but lived in the town of Wahneta. Phillips also testified that the trailer was registered in the name of his sister, Cynthia Renee Roach, and was the home of his father, Roy Phillips, Sr., to whom the bills located in the trailer were addressed. Testimony was presented that Phillips’ father was incarcerated at the time of the search and the father’s girlfriend, Kathy Markham, was “taking care of’ the residence. At trial the deputies admitted that at no time was the recovery of the cannabis discussed with Phillips. No testimony was presented which linked Phillips to the cannabis.
Because Phillips was not present when the trailer was searched, did not have exclusive control over the trailer, and did not have actual possession of the cannabis, the State was required to demonstrate that he constructively possessed the contraband. See Isaac v. State, 730 So.2d 757, 758 (Fla. 2d DCA 1999). Constructive possession requires proof of three elements: (1) that the defendant had dominion and control over the contraband, (2) that the defendant knew the contraband was in his presence, and (3) that the defendant knew of the illicit nature of the contraband. Woods v. State, 765 So.2d 255, 257 (Fla. 2d DCA 2000).
Since the contraband was found in the locked shed over which Phillips’ father and Ms. Markham also had access, these factors had to be established by independent proof and could not be inferred. See N.K.W. v. State, 788 So.2d 1036 (Fla. 2d DCA 2001); State v. Wallace, 734 So.2d 1126, 1129 (Fla. 3d DCA 1999). Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises. Mounds v. State, 778 So.2d 514, 516 (Fla. 4th DCA 2001).
In the present case, there was no independent evidence linking Phillips to the cannabis. The trial court erred when it denied Phillips’ motion for judgment of acquittal as to the cannabis charge. Accordingly, we reverse the judgment for possession of cannabis and remand for entry of a judgment of acquittal as to that charge only. The elimination of this conviction does not appear to affect Phillips’ overall sentence for the remaining charges.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.