884 So.2d 387 (2004)
Luis Javier DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5379.
District Court of Appeal of Florida, Second District.
September 17, 2004.
*388 Alex R. Stavrou, Tampa, and Craig A. Huffman, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes and Tiffany Gatesh Fearing, Assistant Attorneys General, Tampa, for Appellee.
WHATLEY, Judge.
Luis Javier Diaz appeals his convictions and sentences in two circuit court cases, 01-CF-016231 and 02-CF-5013. We reverse Diaz's convictions and sentences in case number 01-CF-016231 for trafficking and possession of a controlled substance because the trial court erred in denying his motion for judgment of acquittal in that case, and we affirm without comment his convictions in case number 02-CF-5013.
In case number 01-CF-016231, Diaz and codefendant Trisha Birney were tried together at a jury trial. Diaz was convicted by the jury of one count each of trafficking in amphetamine, possession of a controlled substance (psilocybin, otherwise known as hallucinogenic mushrooms), manufacture of cannabis, and possession of cannabis. The facts adduced at trial revealed that two Tampa Police Department officers were dispatched to an apartment upon a complaint that someone could see marijuana plants growing on the balcony. The officers observed the plants and went to the door of the apartment. One of the occupants, Trisha Birney, answered the door and invited the officers into the apartment. Tanya Ohmstead, the girlfriend of the lessee of the apartment, Jonathan Granati, was also present. Diaz, Birney's boyfriend, was seated on a couch in the living room holding their infant. Officer Lee introduced himself and told Diaz that he and Detective Goodman were there in regard to the marijuana plants on the balcony. According to Officer Lee, Diaz laughed and said, "Oh, those things." Officer Lee asked Diaz if they could search the apartment, and Diaz told them to go ahead. Diaz said that the plants were not his, he did not live there, and he was just watching the place for a friend. That friend, Granati, testified at trial that he was in jail at the time for trafficking in over 400 grams of ecstasy and that he sold ecstasy to Diaz in small amounts because Diaz never had much money.
Upon searching the apartment, the officers observed that it had three bedrooms. Detective Goodman testified that he was able to determine which bedroom Diaz and Birney were using. He and Officer Lee searched that room and they found an electronic weight scale, a glass bong, a marijuana pipe on a nightstand, and seven ecstasy pills on a VCR. On a closet shelf that was not at eye level for the 6'3" Detective Goodman, the officers found tablets of ecstasy in bags, as well as an opaque shoe box containing a trafficking amount of ecstasy and a folded up McDonald's bag containing hallucinogenic *389 mushrooms, $5000 in cash, and tobacco rolling papers. There was nothing in the shoe box that linked it to Diaz. Officer Lee testified that Diaz was very cooperative and when asked about the pills found in the bedroom he was using, he said that a white man with the street name of Chicago had left the shoe box the night before. Diaz told Officer Lee that he never looked inside the box; he just put it on a shelf in the bedroom closet. Officer Lee further testified that Diaz denied any knowledge of any of the pills found in the bedroom, either inside or outside of the shoe box.
At the close of the State's case, Diaz unsuccessfully moved for judgment of acquittal on the ground that the State, in attempting to prove that he had constructive possession of the illegal drugs found during the search of the apartment, had not proven that he knew of the illicit nature of the contents of the shoe box.[1]
Proof of constructive possession of illegal drugs requires proof "beyond a reasonable doubt that the defendant knew of their presence, was able to exercise dominion and control over them, and knew of their illicit nature." D.M.C. v. State, 869 So.2d 575, 576 (Fla. 2d DCA 2003). In this appeal, Diaz argues that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove all three elements of constructive possession. "For an issue to be preserved for appeal, however, it `must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.'" Archer v. State, 613 So.2d 446, 448 (Fla.1993) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). Thus, because in moving for judgment of acquittal the only element of constructive possession that Diaz argued the State failed to prove was Diaz's knowledge of the illicit nature of the contents of the shoe box, that is the only issue before this court in reviewing the trial court's denial of that motion.
In light of the fact that the shoe box was accessible to the three people present in the apartment, the State was required to establish Diaz's knowledge of the presence of the contraband by independent proof. N.K.W. v. State, 788 So.2d 1036 (Fla. 2d DCA 2001) (citing S.B. v. State, 657 So.2d 1252 (Fla. 2d DCA 1995)). The only evidence of knowledge that the State points to is the fact that Diaz placed the shoe box on a shelf where the same brand of illegal pills was located. That fact does not establish that Diaz knew the illicit nature of the contents of the shoe box. Moreover, there was no evidence that Diaz knew that the illegal pills were on the shelf when he placed the shoe box there. Detective Goodman testified that the shelf upon which the shoe box was found was above eye level for him, and he is 6'3" tall. Defense counsel noted during argument on the motion for judgment of acquittal that Diaz is somewhere around 5'2" to 5'3" tall.
Accordingly, we reverse Diaz's convictions of trafficking in amphetamines and possession of a controlled substance (psilocybin) and remand for resentencing.
Reversed and remanded.
CASANUEVA and STRINGER, JJ., concur.
NOTES
[1] Without the ecstasy pills found in the shoe box, there would not have been a trafficking amount of pills.