950 So.2d 511 (2007)
Donald Ray WAGNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1930.
District Court of Appeal of Florida, Second District.
March 9, 2007.
*512 James Marion Moorman, Public Defender, and Jeffrey M. Hazen, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Donald Ray Wagner appeals his convictions for possession of cocaine with intent to sell and for possession of paraphernalia. He argues that the State failed to prove that he was in constructive possession of the contraband. We agree and reverse.
The State's evidence at trial reflected that the police executed a search warrant at the home Wagner shared with his girlfriend, Celestine Mitchell. In the couple's bedroom the officers found cocaine, a small scale, baggies, and cash. Except for some of the money, all of the items were concealed from view. Drugs were found under a dresser and in the breast pockets of two men's suits and a shirt that were among the clothes hanging in the closet. The scale and baggies were in a cigar box. An officer testified that when reading the warrant to Wagner prior to the search, the police informed him that they were looking for cocaine on the premises, and they asked if he would cooperate by answering questions. According to the officer, Wagner declined and stated that the police had "planted shit."
Mitchell testified for the defense. She asserted that the drugs belonged to her and that she had concealed them in the house without Wagner's knowledge because he opposed her drug use. She explained that she considered Wagner's suits to be a safe hiding place because he worked in lawn service and never wore a suit unless there was a funeral.
Wagner contends, as he did below, that the State failed to prove that he was in constructive possession of the drugs and paraphernalia. In a constructive possession case, the State's burden is to show beyond a reasonable doubt that the defendant knew of the presence of the contraband and that he had the ability to exercise dominion and control over it. See Diaz v. State, 884 So.2d 387, 389 (Fla. 2d DCA 2004); see also Woods v. State, 765 So.2d 255, 257 (Fla. 2d DCA 2000). Moreover, a special standard applies in circumstantial evidence cases. State v. Law, 559 So.2d 187 (Fla.1989). "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest *513 guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Id. at 188.
When, as in this case, contraband is found in a location that was accessible to more than one person, a defendant's knowledge of its presence and ability to exercise dominion and control will not be inferred; these elements must be established by independent proof. Woods, 765 So.2d at 257; Diaz, 884 So.2d at 389. This may consist of evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer the defendant's knowledge. Woods, 765 So.2d at 257.
In Woods, the police observed a traffic violation and followed the car into a convenience store parking lot. The car was occupied by a driver and two passengers. When the driver exited, a cigar tube fell out of the car, and the driver kicked it under the car. One officer retrieved the fallen item and discovered drugs inside. The other officer arrested the driver for possession of drugs, and the driver then shouted to bystanders: "They planted it on me." Id. at 256. The State relied on the driver's statement and his action in kicking the cigar tube under the car as the necessary evidence to show his knowledge of the presence of drugs. This court reversed, concluding that the statement actually disclaimed ownership and that the "kick and the circumstances surrounding it are not sufficient to establish knowledge of the cocaine's presence and are consistent with Woods' reasonable hypothesis of innocence." Id. at 257.
Likewise, we conclude that Wagner's statement did not suffice to establish beyond a reasonable doubt his knowledge of the presence of drugs. Here the State failed to prove anything more than Wagner's proximity to the contraband, in a location jointly occupied with his girlfriend. See Diaz, 884 So.2d 387 (reversing constructive possession when drugs were found in shoe box accessible to three people and State failed to present independent proof of defendant's knowledge).
Although the drugs were found in Wagner's suits, they were hidden in pockets and the clothing was crammed into a shared closet. Furthermore, his girlfriend testified that the suits were a perfect hiding place for her stash because Wagner so rarely wore dress clothes. The State did not introduce any fingerprint evidence connecting Wagner to the contraband or the containers it was found in, and it did not introduce any testimony that Wagner wore suits to church every Sunday or at any other time. In this circumstantial evidence case, the State failed to offer evidence rebutting Wagner's reasonable hypothesis of innocence. Accordingly, we reverse.
Reversed.
WHATLEY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.