975 So.2d 593 (2008)
Vincent Maurice ROBINSON, a/k/a Preacher Robinson, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D06-1916, 2D06-1918.
District Court of Appeal of Florida, Second District.
February 29, 2008.
*594 James Marion Moorman, Public Defender, and Sean K. Ahmed, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
In these consolidated appeals, Vincent Maurice Robinson challenges his judgment and sentence of time served for possession of cocaine in case number 2D06-1916 (circuit court case number 03-CF-021137). We affirm that judgment and sentence without discussion.
In case number 2D06-1918 (circuit court case number 05-CF-000140), Robinson challenges his judgment and sentence for (1) trafficking in illegal drugs (hydrocodone); (2) possession of a controlled substance (cocaine) with intent to sell or deliver within 1000 feet of a church; (3) possession of less than twenty grams of cannabis; and (4) possession of drug paraphernalia. We affirm the judgment and sentence on counts one and four without discussion. We reverse the judgment and sentence on counts two and three because the trial court should have granted the motion for judgment of acquittal on those counts when the State failed to prove the knowledge element for constructive possession.
In case number 2D06-1918, the evidence at trial showed that on January 3, 2005, officers of the QUAD squad, a Tampa Police Department narcotics unit, executed a search warrant at Robinson's residence. Robinson lived there with his girlfriend and her two children. With respect to counts two and three, cocaine and marijuana were found in baggies in a ceramic house on the kitchen counter. The police did not attempt to lift fingerprints from any of the items.
Officer Petit searched the kitchen, and he testified that the bottom portion of the ceramic house was hollowed out and that when he looked underneath it he discovered the baggies containing the drugs. Officer Petit admitted on cross-examination that he did not see the baggies until he turned the house over. Officer Petit was asked "if a person walking in that room was to just look at that house, they'd have no idea that there was something concealed in it, correct?" He replied, "Unless they had knowledge it was there."
In his motion for judgment of acquittal, Robinson argued that the State had failed to prove any actual possession of the contraband and that the State had failed to prove the knowledge element required for constructive possession. The trial court denied the motion, and the jury found Robinson guilty as charged. The State presented no evidence that Robinson had been in actual possession of the cocaine and marijuana found in the ceramic house. Thus, the issue is whether the State presented sufficient evidence to support a conviction on counts two and three based on constructive possession.
*595 "In a constructive possession case, the State's burden is to show beyond a reasonable doubt that the defendant knew of the presence of the contraband and that he had the ability to exercise dominion and control over it." Wagner v. State, 950 So.2d 511, 512 (Fla. 2d DCA 2007). When possession of the premises where the contraband is found is joint rather than exclusive, "knowledge of the contraband's presence and the ability to control it will not be inferred from the ownership but must be established by independent proof." Mitchell v. State, 958 So.2d 496, 500 (Fla. 4th DCA) (citing Brown v. State, 428 So.2d 250, 252 (Fla. 1983)), review denied, 969 So.2d 1015 (Fla. 2007). Independent proof may include "evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer the defendant's knowledge." Wagner, 950 So.2d at 513.
When the premises are in joint possession, the State may prove knowledge by contraband found in plain view in the common areas of the premises. Mitchell, 958 So.2d at 500 (citing Brown, 428 So.2d at 252). In Mitchell, the court cautioned, however, that "[t]he mere fact that some contraband was in plain view does not permit the inference that the defendant knew of the entire amount of contraband found upon a search of a residence." Id.
Here, Robinson was a joint occupant of the residence. The State failed to prove that the cocaine and marijuana were in plain view. Further, the State did not present independent proof establishing the required element that Robinson had knowledge of the cocaine and marijuana in the ceramic house on the kitchen counter. Because the State failed to prove actual or constructive possession, the trial court should have granted the motion for judgment of acquittal on the cocaine and marijuana charges. Accordingly, we reverse Robinson's judgment and sentence on counts two and three in circuit court case number 05-CF-000140.
Affirmed in part and reversed in part.
CASANUEVA and SALCINES, JJ., Concur.