991 So.2d 439 (2008)
Eric SANTIAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3631.
District Court of Appeal of Florida, Second District.
October 8, 2008.
*441 Chris M. Pratt, Palmetto, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Eric Santiago appeals his convictions for trafficking in heroin and possession of hydrocodone. Because the State failed to establish that Mr. Santiago had constructive possession of the hydrocodone and the requisite trafficking quantity of heroin, we are compelled to reverse. The proof the State presented at trial supports a conviction for the lesser-included crime of possession of heroin predicated on the quantity of the illegal drug found in plain view. See § 924.34, Fla. Stat. (2006). Accordingly, resentencing on remand will be necessary.

Facts
Members of the Manatee County Sheriff's Office executed a search warrant at a residence located in Bradenton, Florida, believed to be occupied by six people: Eric Santiago, Ashlee Dailey, Marie Santiago, Daniel Mendoze, Matthew Enchautegy, and Yesenia Cromity. Arriving at the residence location, the deputies encountered Mr. Enchautegy outside and several adults and two children, whose names they did not request, inside the residence. Mr. Santiago was found in the larger of two bedrooms along with a quantity of illegal drugs. Testimony at trial indicated that 3.151 grams of heroin in plastic baggies were found in plain view on the bedroom floor, 2.299 grams of heroin were found in the pocket of what was described as likely men's jean shorts also located on the floor, 9.207 grams of heroin were found in an opaque pink tube underneath the bed, and 4.539 grams of heroin were found hidden in football shoulder pads located in the open bedroom closet.
Other drugs were also found in the bedroom. In addition to the bed, the room contained a dresser with a mirror. On the mirror, likely etched, were the words "Ashlee and Eric." One deputy testified that while searching the dresser he located a lock box in one of its drawers. Found within the lock box were bullets, an identification card bearing the name of "Eric Santiago," a motor vehicle title in the name of "Bolke Mora," a retail store receipt issued in the name of "Eric Santiago" and bearing the same address as the residence where the search warrant was executed, and most importantly, 5.314 grams of heroin and a number of hydrocodone pills. A separate dresser drawer contained an identification card bearing the name of "Ashlee Dailey."
Two other documents were located in the residence that suggested the identity of its occupants. One of the documents was a water bill for the searched residence issued to "Ashlee Dailey." The other was a bill for cable services for the residence issued to "Eric Santiago."

The rules of constructive possession
Because Mr. Santiago was not found in the actual possession of illegal drugs, in order to meet its burden of proof the State was required to prove his constructive possession of those drugs. To establish constructive possession, the State must prove beyond a reasonable doubt (1) that the defendant had knowledge that the contraband was within his presence and (2) that the defendant had the ability to exercise dominion and control over the contraband. See J.S.M. v. State, 944 So.2d 1143, 1144 (Fla. 2d DCA 2006). Additionally, *442 "[w]hen, as in this case, contraband is found in a location that was accessible to more than one person, a defendant's knowledge of its presence and ability to exercise dominion and control will not be inferred; these elements must be established by independent proof." Wagner v. State, 950 So.2d 511, 513 (Fla. 2d DCA 2007).
We find that the State met its burden of proof as to the approximately three grams of heroin found in plain view. See Brown v. State, 428 So.2d 250, 252 (Fla. 1983) ("[J]oint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction for constructive possession."). However, we hold that the State failed to prove either that Mr. Santiago had knowledge of the drugs' presence or that he had the ability to exercise dominion and control over the drugs found in the dresser, under the bed, in the jean shorts, and in the football shoulder pads in the closet. The mere fact that some contraband was in plain view does not permit the inference that the defendant knew of the presence of all quantities of hidden contraband ultimately found after searching the entire residence. See Mitchell v. State, 958 So.2d 496, 500 (Fla. 4th DCA 2007); Hill v. State, 873 So.2d 491 (Fla. 1st DCA 2004).

Knowledge
Because the evidence suggested that many individuals had access to or lived in this residence, and the evidence linked at least three persons with the bedroom where Mr. Santiago was found, the State was required to establish the knowledge element by independent proof. Generally, independent proof can be established by the admission into evidence of a pretrial statement made by an accused, by witness testimony, or by scientific evidence. In this instance, no method of establishing independent proof can be located in the record.
Most recently, in Robinson v. State, 975 So.2d 593 (Fla. 2d DCA 2008), this court addressed a similar factual situation. There, officers executed a search warrant on a home occupied by the defendant, his girlfriend, and her two children. The officers found illegal drugs in the hollowed-out bottom of a miniature ceramic house sitting on the kitchen counter. The drugs were concealed from the open view of anyone merely looking at the ceramic house. We noted:
Here, Robinson was a joint occupant of the residence. The State failed to prove that the cocaine and marijuana were in plain view. Further, the State did not present independent proof establishing the required element that Robinson had knowledge of the cocaine and marijuana in the ceramic house on the kitchen counter. Because the State failed to prove actual or constructive possession, the trial court should have granted the motion for judgment of acquittal on the cocaine and marijuana charges.
Id. at 595. Because the State's evidence did not prove Mr. Robinson knew the concealed drugs were present, we found that there was insufficient evidence to demonstrate he constructively possessed the drugs and reversed his convictions for possession of cocaine and marijuana.
In Wagner, officers found drugs in the pockets of two men's suits and a shirt located in a closet which Mr. Wagner shared with his girlfriend. This court noted that the State may prove the element of knowledge based on "evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, *443 other than simple proximity to the contraband, from which the jury could infer the defendant's knowledge." Id. at 513 (citing Woods v. State, 765 So.2d 255, 257 (Fla. 2d DCA 2000)). This court reversed, concluding that "the State failed to prove anything more than Wagner's proximity to the contraband, in a location jointly occupied with his girlfriend." Id.
In Diaz v. State, 884 So.2d 387, 389 (Fla. 2d DCA 2004), this court held there was insufficient evidence to prove Mr. Diaz had constructive possession of two separate quantities of drugs found on a high closet shelf in a bedroom jointly occupied by Mr. Diaz and his girlfriend. Officers found the drugs in a plastic bag and in a shoe box. "In light of the fact that the shoe box was accessible to the three people present in the apartment, the State was required to establish Diaz's knowledge of the presence of the contraband by independent proof." Id. (citing N.K.W. v. State, 788 So.2d 1036 (Fla. 2d DCA 2001)). The State asserted that Mr. Diaz knew contraband was present because he placed the shoe box on a shelf where the same brand of illegal pills was located. This court reversed Mr. Diaz's trafficking conviction, holding that the single fact did not establish that Mr. Diaz knew the shoebox contained illicit materials or that Mr. Diaz knew that the illegal pills were on the shelf when he placed the shoe box there. Diaz, 884 So.2d at 389.
The minimal evidence presented to prove Mr. Santiago had knowledge of the drugs is less than that presented in Diaz and Wagner, in which each defendant's convictions were reversed. Again, the evidence in this case demonstrates only that Mr. Santiago was one of three people who may have occupied the bedroom where the drugs were concealed. The State adduced no evidence demonstrating Mr. Santiago owned the jean shorts, any clothing in the closet or dresser, or anything else in the bedroom aside from his identification card and retail store receipt. Regarding the latter two items, the State was able to prove only location  not ownership  of the lock box. Regarding the jean shorts, they could have belonged to any one of the several men who officers knew resided in the home. Thus Diaz and Wagner support the conclusion that the instant evidence is insufficient to establish a prima facie case of constructive possession.
Finally, this case is similar to Robinson because the evidence fails to link solely the defendant to the contraband and the State provided no independent evidence to demonstrate that Mr. Santiago knew of its presence. In summary, because the State was unable to establish by independent proof that Mr. Santiago had knowledge of the concealed drugs' presence, his convictions must be reversed.

Dominion and Control
The State also failed to offer any independent evidence to establish Mr. Santiago could exercise dominion and control over the quantity of illegal drugs not found in plain view. Mr. Santiago made no statements linking him to either the contraband or the room in which it was found. Likewise, the State did not introduce testimony from the home's other residents or from the other witnesses who were present during the execution of the search warrant. Here again, the State was unable to offer any scientific or forensic evidence to satisfy this element of constructive possession. The State only offered evidence of Mr. Santiago's proximity to the contraband to prove his ability to exercise dominion and control. As previously stated, "simple proximity to the contraband" is not enough, particularly in instances such as this where there is joint occupancy of the residence. Wagner, 950 So.2d at 513; see also Edmond v. State, 963 So.2d 344 (Fla. *444 4th DCA 2007) (holding that there was insufficient evidence to prove the defendant had knowledge of or dominion and control over illicit drugs that were hidden in a wall less than an arm's length from where police found the defendant).

Conclusion
We conclude that the limited evidence adduced at trial fails to satisfy either prong required to prove Mr. Santiago had constructive possession of the contraband that was not in plain view. Failure to establish either of the two prongs mandates a reversal. There being no competent, substantial evidence linking Mr. Santiago to the hidden contraband, the trial court erred in denying the motion for judgment of acquittal on the counts for trafficking in heroin and possession of hydrocodone.
Accordingly, we reverse Mr. Santiago's convictions for trafficking in heroin and possession of hydrocodone. We remand with instructions that those convictions be vacated and that on remand, the trial court enter judgment for possession of the heroin found in plain view and resentence Mr. Santiago accordingly.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.