NORTHCUTT, Chief Judge.
 

 A jury found Montez Brown guilty of trafficking in cocaine, trafficking in heroin, and possession of paraphernalia. We reverse Brown’s conviction for trafficking in cocaine because the evidence was insufficient to prove that he possessed a trafficking amount of that drug. We affirm his other convictions without discussion.
 

 Law enforcement arrived at a residence in Bradenton to execute a search warrant. Before the search, a confidential informant entered the house with marked money. The officers observed the informant and Brown leave the residence together and stopped them. The informant no longer had the money and instead had a quantity of drugs. Brown was arrested. A SWAT team then entered the house and found Brown’s girlfriend inside. A detective discovered a box of razor blades, powder cocaine, heroin, bags, and a scale in plain view on the dining room table. In the kitchen, the detective found a trafficking amount of powder cocaine in a kitchen drawer. He also noticed glass pots that appeared to contain cocaine residue.
 

 The officers found men’s clothing in the home. Brown said he did not live at the house but he sometimes slept there. Mail addressed to his girlfriend was also discovered.
 

 The detective searched Brown and found $4490 in cash in his pocket, which included the marked money the informant had used to purchase drugs. After he was advised of his
 
 Miranda
 

 [1]
 

 rights,' Brown admitted that the cash was his. He also stated that his fingerprints would be found on the razor blades discovered in the dining room and the glass pots found in the kitchen. The detective asked Brown if the cocaine discovered in the kitchen drawer was his, but Brown refused to answer.
 

 Because Brown was not found in actual possession of the contraband, the State was required to prove that he constructively possessed it. When contraband is found in jointly occupied premises, the State has the burden of proving that the accused knew of the presence of the drug and could exercise dominion and control over it.
 
 Wagner v. State,
 
 950 So.2d 511, 512 (Fla. 2d DCA 2007). Such knowledge and control will not be inferred; the State must establish these elements by independent proof.
 
 Robinson v. State,
 
 975 So.2d 593, 595 (Fla. 2d DCA 2008).
 

 
 *466
 
 The State certainly presented proof that Brown constructively possessed the paraphernalia and drugs found on the dining room table as well as the drugs discovered in the glass pots. All these items were in plain view when law enforcement entered the residence from which Brown had departed mere moments before the search.
 
 See Brown v. State,
 
 428 So.2d 250, 252 (Fla.1983) (“[J]oint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction for constructive possession.”).
 

 But the State failed to present evidence that the cocaine in the kitchen drawer was in plain view. The detective’s trial testimony was somewhat murky concerning whether the kitchen drawer was open or closed before he discovered the drugs within. When the court reviewed the detective’s testimony in connection with Brown’s motion for judgment of acquittal, it commented: “well, there’s no other evidence as to whether the kitchen — whether the drawer was open when the officer went through.” At trial and in this appeal, the defense maintained that the drawer was closed. The State does not dispute this fact on appeal. More to the point, at trial the detective never testified that the cocaine in the drawer was in plain view. In fact, on cross-examination a detective admitted that he assumed those drugs were not in plain view because his report did not state that they were.
 

 Because the State’s proof did not establish plain view, it had to present independent proof that Brown had knowledge of the cocaine in the drawer.
 
 See Robinson,
 
 975 So.2d at 595. The fact that other drugs were in plain view did not permit an inference that Brown knew that cocaine was concealed in the kitchen drawer.
 
 See Santiago v. State,
 
 991 So.2d 439, 442 (Fla. 2d DCA 2008). Brown did not admit that he possessed or knew about that cocaine, nor did the State present any forensic evidence or testimony that tied Brown to it. As Judge Casanueva’s thorough discussion in
 
 Santiago
 
 establishes, this court has long held that mere proximity to contraband in a jointly occupied premises does not prove the elements of the crime of constructive possession.
 
 Id.
 
 at 441-44.
 

 Brown’s conviction for trafficking in cocaine was based solely on his purported possession of the cocaine in the drawer. Although the police saw cocaine in plain view on the dining room table, that cocaine was not submitted for testing and was not introduced into evidence at trial. Because the State did not prove that Brown possessed the only cocaine tested and introduced into evidence, he could not be convicted of any crime of cocaine possession. We reverse Brown’s conviction for trafficking in cocaine, and we remand with directions to enter a judgment of acquittal on that charge and to strike Brown’s corresponding sentence.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and LaROSE, JJ., Concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).