ALTENBERND, Judge.
 

 Eric Santiago appeals his judgments of conviction for racketeering and conspiracy to commit racketeering in violation of the Florida RICO Act.
 
 See
 
 § 895.03(3), (4), Fla. Stat. (2006). We conclude Mr. Santiago was deprived of a fair trial by the presentation, as substantive evidence of guilt, of two convictions later reversed on direct appeal. On this issue, we reverse Mr. Santiago’s convictions for racketeering and conspiracy to commit racketeering and remand for further proceedings.
 
 [1]
 

 In January 2007, the State' charged Mr. Santiago and seven other men with racketeering offenses for their involvement in a “criminal street gang,” as defined under section 874.03(1), Florida Statutes (2006). The fourth amended information identified Mr. Santiago in predicate incidents twenty-three through twenty-seven. The charges against Mr. Santiago were severed, and he proceeded alone to a jury trial, which was held from January 14 through January 17, 2008.
 

 During the trial, the State presented evidence of several predicate offenses as part of its required showing that Mr. Santiago had participated in an enterprise (the criminal street gang) through a pattern of racketeering activity.
 
 See generally Gross v. State,
 
 765 So.2d 39, 42 (Fla.2000) (discussing elements of a crime un
 
 *1207
 
 der Florida’s RICO statute). These predicate incidents included several misdemeanors, three juvenile dispositions, two felony convictions for possessing and concealing firearms, and, most importantly, two convictions for trafficking and possessing narcotics.
 

 The State’s theory at trial, as expressed during closing argument, was that Mr. Santiago’s participation within the street gang made possible his rise from petty criminal to drug trafficker. To prove this theory, the State introduced Mr. Santiago’s written judgments of conviction for trafficking in heroin and possession of a controlled substance (hydrocodone). These offenses are, respectively, first- and third-degree felonies.
 
 See
 
 §§ 893.13(6)(a), .135(l)(c)(l), Fla. Stat. (2006).
 

 At the time of the racketeering trial, Mr. Santiago’s two convictions for narcotics offenses were pending on direct appeal in appellate case number 2D07-3631. On October 8, 2008, we reversed these convictions and remanded for entry of judgment and resentencing on a lesser-included possession offense.
 
 Santiago v. State,
 
 991 So.2d 439, 444 (Fla. 2d DCA 2008). In that appeal, we concluded the evidence at trial had failed to establish Mr. Santiago’s constructive possession of the narcotics not found in plain view.
 
 Id.
 

 Mr. Santiago’s narcotics convictions, subsequently vacated by this court, were presented to the jury as substantive evidence of his guilt of racketeering and conspiracy to commit racketeering. These convictions, portraying Mr. Santiago as a drug trafficker within the alleged enterprise, became a feature of the trial. Under the circumstances of this case, we conclude the presentation of these now-vacated convictions deprived Mr. Santiago of a fair trial. We therefore reverse Mr. Santiago’s convictions for racketeering and conspiracy to commit racketeering and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and VILLANTI, J., Concur.
 

 [1]
 

 . We find no merit in the remaining issues raised by Mr. Santiago.