VILLANTI, Judge.
Shedrick Jenrette-Smith appeals his convictions on fourteen counts of promoting a sexual performance by a child in violation of section 827.071(3), Florida Statutes (2008). His offenses were reclassified from second-degree felonies to first-degree felonies by virtue of section 775.0847(2), Florida Statutes (2008), after the jury determined that Jenrette-Smith possessed ten or more images of child pornography, of which at least one depicted the sexual battery of a child. On appeal, Jenrette-Smith challenges his convictions, the reclassifications, and the denial of his motion to suppress evidence. We affirm the denial of the motion to suppress without further comment. We also affirm Jenrette-Smith’s convictions and sentences and write to explain our reasoning.
I. FACTS
The evidence at trial reflected that for a number of weeks in the spring of 2009 Jenrette-Smith, aged thirty, engaged in a consensual sexual relationship with M.S., a sixteen-year-old girl who had run away from foster care. According to M.S., although other people lived in the house where Jenrette-Smith lived, Jenrette-Smith had his own bedroom. M.S. testified that on one or two days she and Jenrette-Smith used a disposable film camera to photograph themselves engag *429 ing in a variety of sexual activities. Despite the jointly occupied house, she and Jenrette-Smith were alone when the photographs were taken.
M.S. testified that she and Jenrette-Smith together took the camera to Wal-greens to have the film developed, and they later returned together to pick up the developed photographs, for which Jen-rette-Smith paid. M.S. testified that the photographs were then stored under the mattress of the bed that she and Jenrette-Smith shared in his bedroom. M.S. further testified that Jenrette-Smith did not show the photographs to others; instead, she agreed that “he kind of kept them to himself.” Moreover, when M.S. stopped seeing Jenrette-Smith, the photographs were to her knowledge still under the mattress.
The photographs came to the authorities’ attention when a man who identified himself only as “James” approached a Tampa police officer and gave him an envelope containing the photographs. The authorities were unable to locate “James” thereafter, and he did not testify at trial. However, the authorities investigated and ultimately determined that Jenrette-Smith was the man in the photographs and that the female in the photographs was underage. This information led to the issuance of a criminal report affidavit for the arrest of Jenrette-Smith.
After Jenrette-Smith was arrested, the State charged him with fourteen counts of promoting a sexual performance by a child — one count for each photograph. Jenrette-Smith was convicted following a jury trial, and he was sentenced to thirty years in prison as a prison releasee reof-fender. Jenrette-Smith now appeals his convictions and sentences.
II. CONVICTIONS UNDER SECTION 827.071(3), FLORIDA STATUTES
Jenrette-Smith first contends that he was improperly convicted under section 827.071(3), arguing that the State failed to prove the “performance” element of the offense. Section 827.071(3) provides:
A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he or she produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added.) Section 827.071(l)(b) defines the term “performance” for purposes of section 827.071 as “any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.” The statute does not define the phrase “exhibited before an audience.” [1]
At trial, Jenrette-Smith timely moved for a judgment of acquittal, arguing that the State had failed to prove that the photographs at issue were ever “exhibited before an audience.” In doing so, Jen-rette-Smith relied solely on the language of section 827.071(l)(b). The trial court, however, denied the motion on the authority of Schmitt v. State, 563 So.2d 1095, 1101 (Fla. 4th DCA 1990), approved in part, quashed in part on other grounds, 590 So.2d 404 (Fla.1991), which rejected the assertion that a conviction for promoting a sexual performance by a child could not be predicated on a videotape that had never *430 actually been shown to an “audience,” as that term is commonly understood.
This court and others have similarly held that exhibition before an audience is not a required element of the offense of promoting a sexual performance by a child. See, e.g., Killian v. State, 761 So.2d 1210, 1214 (Fla. 2d DCA 2000); Bishop v. State, 46 So.3d 75, 79 (Fla. 5th DCA 2010); Ladd v. State, 715 So.2d 1012, 1015 (Fla. 1st DCA 1998); Firkey v. State, 557 So.2d 582, 584 (Fla. 4th DCA 1989), disapproved on other grounds by Wilson v. State, 635 So.2d 16 (Fla.1994). Bound by our precedent in Killian, we reject Jenrette-Smith’s argument and affirm the convictions at issue here.
III. RECLASSIFICATION UNDER SECTION 775.0847(2), FLORIDA STATUTES
Jenrette-Smith also argues that the trial court erred when it denied his motion for judgment of acquittal as to the reclassification of his offenses pursuant to section 775.0847(2). That statute provides:
(2) A violation of s. 827.071 ... shall be reclassified to the next higher degree as provided in subsection (3) if:
(a) The offender possesses 10 or more images of any form of child pornography regardless of content; and
(b) The content of at least one image contains one or more of the following:
[[Image here]]
3. Sexual battery involving a child.
Jenrette-Smith contends that the evidence presented at trial was insufficient to establish that he ever possessed the images and thus that reclassification was improper. We cannot agree for two reasons.
First, the State presented sufficient evidence of Jenrette-Smith’s actual possession of the requisite images of child pornography to avoid his motion for judgment of acquittal on the reclassification issue. It was undisputed at trial that Jen-rette-Smith actually possessed the disposable camera that was used to take the photographs that were ultimately turned over to the police. It was therefore undisputed that Jenrette-Smith had, at some point in time, actual possession of the film on which the images were captured. The fact that chemical processes were required to render those images visible to the naked eye does not change the fact that Jen-rette-Smith had actual possession of the images.
Second, the State also presented sufficient evidence of Jenrette-Smith’s constructive possession of the developed photographs — which are indubitably images of child pornography. “In a constructive possession case, the State’s burden is to show beyond a reasonable doubt that the defendant knew of the presence of the contraband and that he had the ability to exercise dominion and control over it.” Wagner v. State, 950 So.2d 511, 512 (Fla. 2d DCA 2007). When contraband is found in jointly occupied premises, “constructive possession may be established through ‘evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer the defendant’s knowledge’ of the contraband.” Jackson v. State, 995 So.2d 535, 540 (Fla. 2d DCA 2008) (quoting Wagner, 950 So.2d at 513). In addition, “[a]n inference of knowledge and dominion and control may also arise where the contraband located in jointly occupied premises is found in or about other personal property which is shown to be owned or controlled by the defendant.” Id.
Here, the State presented evidence that Jenrette-Smith knew of the existence of *431 the photographs in his bedroom through M.S.’s testimony that she and Jenrette-Smith went together to pick them up, that Jenrette-Smith paid for them, and that he stored them under the mattress in his bedroom. The State also offered evidence of Jenrette-Smith’s dominion and control over the photographs through M.S.’s testimony that he kept the photographs “to himself’ and stored them under his mattress — personal property owned or controlled by Jenrette-Smith — in his bedroom in an otherwise jointly occupied house.
“A motion for judgment of acquittal is designed to challenge the legal sufficiency of the evidence.” State v. Odom, 862 So.2d 56, 59 (Fla. 2d DCA 2003) (citing State v. Williams, 742 So.2d 509, 511 (Fla. 1st DCA 1999)). Thus, when the State presents competent evidence to establish every element of the crime, a judgment of acquittal is improper. Odom, 862 So.2d at 59. M.S.’s testimony, and the permissible inferences from it, were sufficient to satisfy the State’s burden on Jenrette-Smith’s motion for judgment of acquittal regarding the issue of possession of the photographs. Thus, the trial court properly denied the motion for judgment of acquittal as to the reclassification of Jenrette-Smith’s offenses, and hence we affirm his sentences.
Affirmed.
SILBERMAN, C.J., Concurs specially with opinion.
NORTHCUTT, J., Dissents with opinion.

. The provisions of section 827.071 have been renumbered by chapter 2011-220, section 15, Laws of Florida, effective October 11, 2011.