NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RONDRE THOMAS,             )
)
        Appellant,       )
)
v.                       )       Case No. 2D17-417
)
STATE OF FLORIDA,     )
)
        Appellee.        )
_____)

Opinion filed May 10, 2019.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Robert P. Harris of Robert Harris Law Firm,
Fort Myers, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Cynthia Richards,
Assistant Attorney General, Tampa, for
Appellee.

BADALAMENTI, Judge.

Rondre Thomas appeals his jury convictions and sentences for two counts

of possession of a controlled substance (heroin and cocaine) with intent to sell or deliver

and one count of possession of drug paraphernalia.  Because the evidence was legally

insufficient to establish that Thomas constructively possessed the illegal drugs and drug

paraphernalia, we reverse the convictions and direct the trial court to vacate the convictions and sentences.

The evidence presented at trial, viewed in the light most favorable to the State, established the following facts: The Cape Coral Police Department received an anonymous tip that drugs were being sold at a house. Officers surveilled that house and determined that at least three individuals resided there: Thomas, Jennifer Repress (Thomas's mother), and Miguel Repress. They gathered information to obtain a warrant to search the residence. The officers executed the warrant after observing Thomas leave the house and drive away. They detained Thomas while he was driving down the street and brought him back to the residence. He was present for the entirety of the search of the residence. Miguel Repress arrived while they were executing the search warrant. Other than Thomas and Repress, the house was empty at the time of the search.

The house contained four bedrooms. The illegal drugs and drug paraphernalia leading to the drug convictions on appeal were discovered in one of the four bedrooms. Specifically, the officers discovered drug contraband inside of a dresser drawer and also inside a black case laying on top of that dresser. The State sought to establish Thomas's constructive possession of the drug contraband.

The State presented evidence of additional items found in the bedroom containing the illegal drugs. First, a prescription pill bottle with Thomas's name displayed on it was discovered on top of the dresser where the police found the drug contraband. Next, the search of the bedroom yielded several empty shoe boxes for size 8.5 men's shoes, which matched the shoe size Thomas was wearing at the time of his

arrest.  The officers also found a box of shrink-wrapped CDs that depicted Thomas on the cover.[1]  Similarly, they found a shirt with a picture of Thomas on the front.  A picture collage in the room contained many photos of Thomas and a woman.  Finally, officers found a document for a future court date that was addressed to Thomas.  However, the police also observed "some articles of women['s] clothing, possibly a pair of women's shoes" in the room.

At the close of the State's case, Thomas moved for a judgment of acquittal for each count, arguing that the State failed to establish that he constructively possessed the controlled substances and paraphernalia found in the bedroom.  The State responded that "[e]verything contained within that room that's identifiable, identifies back to Rondre Thomas."  The State argued that the evidence established a prima facie case "that links [Thomas] not only to the house but also particularly, to that bedroom [where the drugs were recovered]."  The court denied the motion, explaining that "in the light most favorable [to the State] the State did meet their burden" because "[t]here were enough things in the room that they could come to the conclusion that that was [Thomas's] room, it's in the hands of the jury."

Thomas then presented his case-in-chief.  Thomas's mother testified that she lived in the house with her six children, all of whom had access to the house and to each bedroom in the house.  She also testified that all of her sons' girlfriends and her nieces had access to the house.  After the defense rested, Thomas renewed his motion for judgments of acquittal on the same grounds as his prior motion made at the close of

---

[1]Thomas is an aspiring recording artist.

the State's case-in-chief. The court again denied the motion, and the jury subsequently returned guilty verdicts.

On appeal, Thomas asserts that the trial court erred in denying his motion for judgments of acquittal. He contends that the State neglected to present any independent proof that he constructively possessed the drug contraband found in the bedroom. Without that independent proof to establish that he constructively possessed the drug contraband, Thomas maintains, the State presented insufficient evidence to sustain his convictions. "We review the denial of a motion for judgment of acquittal under a de novo standard." Bennett v. State, 46 So. 3d 1181, 1183 (Fla. 2d DCA 2010).

It is undisputed that Thomas was not found in actual possession of illegal drugs or drug paraphernalia. To convict him, the State therefore had to prove that he constructively possessed the illegal drugs. To convict on a theory of constructive possession, the State was required to prove beyond a reasonable doubt (1) that Thomas had knowledge of the contraband and (2) that he had the ability to exercise dominion and control over it. See Knight v. State, 186 So. 3d 1005, 1012 (Fla. 2016); Santiago v. State, 991 So. 2d 439, 441 (Fla. 2d DCA 2008). In the milieu of constructive possession, knowledge of and the ability to exercise dominion and control over illegal contraband may not be inferred from the defendant's proximity to it and must be shown by independent proof. Tucker v. State, 198 So. 3d 1011, 1014 (Fla. 2d DCA 2016). "Such proof may be offered through a defendant's own statements, witness testimony, scientific evidence, or incriminating circumstances other than mere proximity to the contraband." Id. (citing Santiago, 991 So. 2d at 441).

Here, the undisputed evidence demonstrates illegal drugs were discovered in a location that was accessible to many individuals who either resided in the home or who had access to the home. Thomas's mother testified that she resided in the house with her six children, all of whom had access to the house and each of the four bedrooms within the house. She further testified that her nieces and her sons' girlfriends also had access to the house. While the State offered evidence that Thomas occupied the bedroom containing the illegal drugs, the evidence also established that women's clothing and "possibly" shoes were discovered in the bedroom. Under such circumstances, it is settled that we may not infer Thomas's knowledge of the contraband's presence and ability to exercise dominion and control over it. See Santiago, 991 So. 2d at 441. Instead, the elements must be established by independent proof. See id. at 441-42. "Generally, independent proof can be established by the admission into evidence of a pretrial statement made by an accused, by witness testimony, or by scientific evidence." Id. at 442. The State presented no evidence to establish the independent proof required here.

In Santiago, under similar facts, this court held that the State's evidence failed to prove that the defendant constructively possessed illegal drugs. 991 So. 2d at 441. There, the police searched a house that was occupied by the defendant and five other people. The defendant was present in the bedroom containing illegal drugs when the officers executed the search warrant. The drugs were found "in the pocket of what was described as likely men's jean shorts," in an opaque pink tube underneath the bed, and in football shoulder pads located in the open bedroom closet. Id. In the same room, the police also found an identification card bearing the defendant's name and a

- 5 -

retail store receipt issued to the defendant and bearing the same address as the residence where the search warrant was executed.  Id.  The defendant's name was etched on a mirror in the room.  However, the police also found a motor vehicle title registered to another individual and an identification card under the name of a third individual.  In reversing the defendant's conviction for trafficking in heroin, the Santiago court explained that the evidence "demonstrates only that [the defendant] was one of three people who may have occupied the bedroom where drugs were concealed."  Id. at 443.

Here, like Santiago, the police searched a house that was occupied by the defendant and at least two other people.  Also like Santiago, many items in the room supported the State's theory that Thomas constructively possessed the drugs found in the dresser drawer: namely, the prescription pill bottle with his name on it, a court document relating to him, CDs with his picture on it, empty shoe boxes displaying the same shoe size he was wearing when arrested, and a picture collage displaying photographs of him and a woman.  However, critically, like Santiago, the evidence— women's clothing and "possibly" shoes—tied at least one other person to the room.  The testimony of Thomas's mother also tied several individuals to the house and the bedroom containing the drug contraband.

This evidence was critical because it refutes the State's contention on appeal that Thomas was the sole occupant of the room.  Indeed, the State's argument against the granting of the motion for judgments of acquittal and the trial court's response agreeing with the State underscore the insufficiency of the State's evidence. The State was not wrong in asserting that "[e]verything contained within that room that's

identifiable, identifies back to Rondre Thomas." Its argument that such evidence, though, established anything more than a strong suspicion of Thomas's guilt was incorrect. See Tucker, 198 So. 3d at 1016 (reversing the trial court's denial of the defendant's motion for judgment of acquittal for constructive possession of methamphetamine found in the pocket of a jacket stored in a room shared by the defendant and another person because the State neglected to provide independent proof and explaining that "[a]lthough the circumstances were indeed suspicious, suspicion is not enough to support a conviction"). Such suspicion is insufficient to sustain Thomas's drug convictions. Similarly, the trial court's conclusion that "[t]here were enough things in the room that they could come to the conclusion that that was [Thomas's] room" ignores the State's obligation to offer independent proof to establish constructive possession.

Quite simply, the State was required to introduce independent proof to establish Thomas's knowledge of and dominion and control over the illegal drugs. Such evidence was wholly absent. Thomas did not make a statement linking him to the contraband or the room in which it was discovered. The State did not offer testimony from the other residents of the house or individuals that had access to the house. Finally, the State did not offer any scientific or forensic evidence to connect Thomas to the illegal drugs. At bottom, like Santiago, the State's evidence proved only that Thomas was one of multiple individuals who had access to a room containing drug contraband.

Accordingly, we reverse Thomas's convictions for possession of a controlled substance with intent to sell or deliver and possession of drug paraphernalia.

- 7 -

We remand with instructions that the trial court vacate the judgments and sentences and order Thomas's immediate release.  See <u>Tucker</u>, 198 So. 3d at 1016.

Reversed and remanded.


KHOUZAM and SALARIO, JJ., Concur.