950 So.2d 495 (2007)
Wesley SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2378.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
Rehearing Denied April 5, 2007.
*496 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
One of the two offenses charged was burglary with an assault and battery. On that charge the jury convicted on the lesser included offense of burglary of a dwelling.[1] By appeal defendant argues a lack of proof.
From trial evidence comes the following narrative. Wesley and Wendy had known each other since childhood. More recently they had been living together in Wendy's second-floor apartment above a commercial establishment. He moved out after a quarrel. He still had a key to the apartment, where many of his possessions remained. Shortly after he moved out, he came to the building at 4:00 one morning accompanied by his sister. He did not know that Nadia, a new acquaintance, was staying overnight with Wendy.
Wendy heard him outside downstairs begging to let him talk to her. She yelled back that she did not want to talk to him or enter the apartment. She then heard him break the window on the downstairs entrance door and climb the stairs to the second-floor apartment.
The bedroom door is a thin, hollow interior door. Either he pushed it, or Wendy closed it before he could enter the bedroom. Either way, Wendy was struck in the face and arm by the door as it closed. He stood there and jiggled the door handle and banged and kicked the door while begging Wendy to let him talk to her. Investigators later noted a crack and black marks on the outside of the door. Wendy and Nadia both testified he could have broken the bedroom door down at any time while he banged on it, that his banging on the door stopped only when it was apparent the police were arriving. Wendy and Nadia heard his sister outside the door tell him that police were coming. Then they then heard him running back down the stairs and out the building.
At some point during the drama, Wendy made two 911 calls. During the first call, she told the operator, "I have an old boyfriend that just showed up at my house that does not need to be here." She said he was "beating the door down." On the second call, a male voice could be heard shouting profanities in the background. Most of the second call was an open line, with only a male voice audible. Wendy testified that she did not actually see Sanders at any time during the entire episode. She testified that he did not threaten the women. She made clear that Sanders did not intentionally touch her on the night in question. Both women testified *497 they stayed in the bedroom while Sanders confronted law enforcement outside the residence.
The State argues that the offense intended by him during the break-in was criminal mischief.[2] One commits a criminal mischief by willfully and maliciously damaging the property of another in any way. § 806.13(1)(a), Fla. Stat. (2006). The offense requires that the actor have a specific intent to damage property. J.A. v. State, 684 So.2d 264, 265 (Fla. 4th DCA 1996). We find evidence to support the offense. Testimony established that defendant already had a key to the building and apartment. Rather than use his key to gain entrance (in spite of her demand that he leave), he instead smashed the window and proceeded to bang threateningly on the bedroom door. A reasonable jury could have concluded that his entry without permission was for the purpose of committing the offense of criminal mischief inside to intimidate or force her into speaking to him.
Affirmed.
STONE and MAY, JJ., concur.
NOTES
[1] He was also charged and convicted of the crime of escape. The jury specifically found that there was no assault or battery. Each offense yielded a sentence of 15 years as a habitual felony offender and prison releasee offender.
[2] The State argued to the trial judge that both assault and criminal mischief should be included in the instruction to the jury as the offense contemplated by defendant during the break-in. The jury found that no offense of assault was committed.