DAMOORGJAN, J.
The Appellant, R.E., appeals the trial court’s denial of his motion for judgment of dismissal on the charge of felony criminal mischief. We agree and reverse his conviction and sentence on this charge.
The manager of IMG Groves was called to the grove on the morning of February 29, 2008, because an unknown person or persons had trespassed on grove property, started up a fruit loader, and driven into a row of fruit trees, knocking the trees over.
The Appellant was charged with, among other things, felony criminal mischief. At the adjudication hearing, T.C., a co-defendant in the case, testified that he, the Appellant, and another person drove to the grove to hog hunt on the night the trees were destroyed. They did not have permission to go onto the property. After they finished hunting, they wanted to leave by a different way than they entered so they would not get caught. When they tried to leave, however, they noticed that there was a fruit loader blocking the path of their truck. T.C. started up the fruit loader and attempted to move it out of the way, but the gas pedal got stuck. T.C. did not know how to stop the fruit loader as it headed in the direction of a ditch, so he “took out some trees to try to stop the machine.” T.C. testified that he was the only one operating the fruit loader. At the conclusion of the State’s case, the Appellant moved for a judgment of dismissal on the criminal mischief charge, which the trial court denied.
The standard of review for a motion for judgment of dismissal is de novo. J.G. v. State, 915 So.2d 274, 276 (Fla. 4th DCA 2005). A motion for judgment of dismissal tests the legal sufficiency of the State’s evidence. J.P. v. State, 855 So.2d 1262, 1264 (Fla. 4th DCA 2003). “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
“A person commits the offense of criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another .... ” § 806.13(1)(a), Fla. Stat. (2008). A defendant must possess the specific intent to damage the property of another to be found guilty. J.A. v. State, 684 So.2d 264, 265 (Fla. 4th DCA 1996); see also Sanders v. State, 950 So.2d 495, 497 (Fla. 4th DCA 2007).
The Appellant was charged with criminal mischief as an aider or abetter to T.C. In order to convict a defendant for a crime committed by another person, the State must prove that “(1) the defendant had a conscious intent that the criminal act be done and (2) the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist or advise the other person ... to actually commit the crime.” Ehrlich v. State, 742 So.2d 447, 450 (Fla. 4th DCA 1999). Mere knowledge of an offense is not enough, nor is mere presence at the *99 scene of the offense. Hill v. State, 958 So.2d 549, 551 (Fla. 4th DCA 2007).
We reverse because the State did not present any evidence to show that the Appellant had the conscious intent for T.C. to drive the fruit loader into the trees. The evidence showed that the Appellant’s intent was for T.C. to move the fruit loader out of the way. This act, by itself, was not criminal mischief because it was not done with the specific intent to cause damage to the property of another. See J.A., 684 So.2d at 265. It was only after T.C. started the fruit loader and it malfunctioned that T.C. decided to run it into the trees. This evidence, in the light most favorable to the State, does not support a conviction for criminal mischief. Accordingly, we reverse the Appellant’s conviction and sentence on the criminal mischief charge.

Reversed.

POLEN and STEVENSON, JJ., concur.