HAZOURI, J.
 

 The state appeals an order granting Defendant, Gregory Herron’s, Motion for Judgment of Acquittal Notwithstanding the Verdict. Herron was charged with three counts: (I) burglary (dwelling/battery); (II) resisting/obstructing police officers without violence; and (III) unlawfully touching, striking, or harming a police dog. At trial, the jury returned verdicts of guilty as charged on all three counts. Herron moved for judgment of acquittal and the trial court granted his motion on count (I) burglary with battery. We reverse the trial court’s order granting Her-ron’s motion for judgment of acquittal.
 

 An appellate court’s standard of review for a motion for judgment of acquittal notwithstanding the verdict is de novo.
 
 E.g., Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). The state must prove that the defendant committed burglary with the intention of committing an underlying offense.
 
 See Stone v. State,
 
 899 So.2d 421, 423 (Fla. 5th DCA 2005);
 
 Davis v. State,
 
 736 So.2d 27, 27 (Fla. 4th DCA 1999). Whether one had intent is generally a question given to a jury, for reasonable men may differ in determining intent when taking into consideration the surrounding circumstances.
 
 Washington v. State,
 
 737 So.2d 1208, 1216 (Fla. 1st DCA 1999). Therefore, if a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, a conviction should be sustained.
 
 Pagan,
 
 830 So.2d at 803 (citing
 
 Banks v. State,
 
 732 So.2d 1065 (Fla.1999)).
 

 To prove burglary, the state must show that the defendant entered or remained in the dwelling, structure, or curti-lage, with the intent to commit an offense therein. § 810.02(l)(b)l.-2., Fla. Stat. (2010). In this case, Herron climbed up the balcony of his ex-girlfriend, Natalie
 
 *707
 
 Gonzalez’s, third floor apartment. Gonzalez saw Herron and opened the balcony door to let him into her apartment. Herron told her he needed a place to sleep because his parents had kicked him out. Gonzalez asked him to leave and Herron refused. Herron then grew suspicious that Gonzalez’s new boyfriend was in the apartment. Curious, he entered the bedroom, opened the closet door, and found a man hiding. A fight broke out between the two men and Gonzalez continued to tell them to leave and stop fighting. Attempting to break up the fight, Gonzalez was hit. Additionally, Gonzalez testified that Herron kicked her and threw a book bag that hit her face.
 

 This case turns on the issue of intent. Here there is no evidence that Herron unlawfully entered the balcony with the intent to commit battery. Instead, there is only evidence that Herron entered the apartment with the intentions of sleeping there and without knowing that another man was in the residence. However, there is sufficient evidence for a reasonable jury to find that Herron remained within Gonzalez’s apartment with the intent to commit a battery. When entrance is licensed or invited, and such license or invitation is proved, “a remaining in burglary” may have occurred if permission to remain in the dwelling was revoked.
 
 Harris v. State,
 
 48 So.3d 922, 924 (Fla. 5th DCA 2010). Gonzalez revoked her permission for Herron to remain in the apartment and Herron remained. Although at first Herron only remained in the apartment with a mere suspicion that Gonzalez’s boyfriend was in the apartment, once he opened the closet door his suspicion was met and he remained in the apartment and fought. Further, while he may not have intended to injure Gonzalez, the named victim, he still remained in the apartment and battered someone therein.
 
 See
 
 § 810.02(l)(b)2.b., Fla. Stat. (2010). Thus, it seems reasonable for the jury to conclude from these circumstances that Her-ron remained in the apartment with the intent to commit a battery.
 

 Accordingly, we find that the jury’s verdict should stand and reverse the trial court’s decision to acquit Herron on count (I).
 

 Reversed and Remanded.
 

 MAY, C.J., and CONNER, J., concur.