POLEN, J.
Appellant, Harry Salter, appeals the judgment and ten-year sentence imposed on him by the trial court. Salter was charged by information with: I) robbery with a firearm; II) carrying a concealed firearm; III) fleeing or attempting to elude marked police car; and IV) possession of marijuana less than twenty grams. After being convicted, Salter contended the trial court denied his request to be sentenced as a youthful offender because he chose to go to trial instead of pleading guilty. While the court has discretion to sentence someone as a youthful offender, it is improper to decline one’s request because he or she exercised a constitutional right to trial. We therefore affirm Salter’s conviction, but remand the matter for re-sentencing before a different judge for consideration of the facts to determine if a youthful offender sentence is proper, rather than basing the decision on Salter’s plea.
On March 19, 2009 at approximately 3:30 a.m., two males, dressed in black clothes and black masks, entered the Cumberland Farms gas station in Palm Beach County. They displayed a gun and pointed it at an employee. The employee was told to lie down and was asked for the key to open the safe. Once the males had access to the safe, they took rolls of change and bills, ran toward the door to leave, and turned around and shot once before leaving, striking the counter.
On the night of the incident, the on-duty road patrol deputy noticed a black Crown Victoria driving northbound on State Road Seven, just north of Southern Boulevard. From his position in a parking lot on the corner of Southern and State Road Seven, the deputy noticed that the Crown Victoria had a broken left taillight, displaying a white portion of the light, which is an “equipment violation.” The deputy initi *762 ated a stop by activating his red and blue lights atop his vehicle. The vehicle did not pull oyer, but entered a Wal-Mart parking lot and continued to move slowly. Ultimately, the deputy and back-up patrol units were able to stop the vehicle. The driver, Samuels, was ordered to exit the vehicle and lie down next to it. The deputy opened the back door of the vehicle and noticed Salter in a crouched down position. Salter was removed from the vehicle and a search was conducted. The officers found a firearm and money in the vehicle. Officers also found a baseball cap, beige pants, two black t-shirts, and Salter’s wallet in the vehicle, and a pair of jeans, a ski mask, and Samuel’s wallet in the trunk.
Salter was taken to the police station for questioning, at which time he told officers “he was just picked up from his” girlfriend’s house and getting a ride home to Belle Glade. Salter alleged that he noticed the firearm in the vehicle and asked the driver about it, to which he responded that it belonged to “Willy,” a passenger in the vehicle who evaded officers during the traffic stop. Salter was also asked if he knew how the money got into the vehicle and he replied he did not know. However, in a second statement given to officers, Salter identified Willy Kitchen as a participant in the robbery of the Cumberland Farms gas station store. Salter also provided contradictory statements regarding his presence at the robbery. In his first statement, Salter told officers that he was picked up after the robbery and was not involved in the crime. Later, he explained that he went inside the store to purchase a bottle of water and a cigar and that as he was exiting the store, Samuels and Kitchen were entering. He also provided that he drove the vehicle after the robbery.
Salter moved to suppress evidence seized during the traffic stop, providing it was the product of an unlawful seizure of his person. The trial court denied the motion to suppress, finding that “the stop of the vehicle and detention and arrest of the driver was obviously entirely lawful and appropriate.” Salter also filed a motion for judgment of acquittal, which the trial court denied as to count I, but granted as to count II. In addition, Salter filed proposed special jury instructions regarding the definition of “circumstantial evidence,” but the court refused to grant Salter’s request and did not instruct the jury in accordance with Salter’s proposal. The jury found Salter guilty of robbery with a firearm, as charged in the information. Salter filed a motion for post-verdict judgment of acquittal, which was denied by the trial court. This appeal followed.

Salter’s Conviction

“The standard of review on a motion for judgment of acquittal is de novo.” Wiley v. State, 60 So.3d 588, 590 (Fla. 4th DCA 2011). An appellate court, generally, “will not reverse a conviction that is supported by competent substantial evidence.” Id. If the State is unable to show evidence so that a “jury can exclude every reasonable hypothesis except that of guilt,” the motion for judgment of acquittal should be granted. Id. at 591. The State has the burden of showing evidence which refutes the defendant’s version of the events, and once the State shows such evidence, it is the jury’s role to determine the sufficiency of the evidence as to the exclusion of “every reasonable hypothesis of innocence beyond a reasonable doubt.” Id.
Salter argued that the evidence in this case was insufficient to prove that he was guilty of robbery and that the State failed to prove he intended to participate in the robbery. The State contended that Salter confessed to being present at the store where the robbery took place, that surveillance video further proved he was *763 present, and that direct evidence, coupled with circumstantial evidence, was enough to support his conviction. The surveillance video showed Salter enter the store, buy a drink, and exit the store just prior to two men entering the store and committing a robbery. Salter told officers varying stories, but never confessed to participating in the robbery and, instead, confessed to driving the vehicle after the robbery.
 Section 777.011, Florida Statutes, provides that a principal in the first degree is one who “commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed.” § 777.011, Fla. Stat. (2009). The Second District Court of Appeal defined “aid and abet” as “help[ing] the person who actually committed the crime by doing or saying something that caused, encouraged, incited or assisted the criminal.” Gale v. State, 726 So.2d 328, 329 (Fla. 2d DCA 1999). “‘Mere presence at the scene, including driving the perpetrator to and from the scene or a display of questionable behavior after the fact, is not sufficient to establish participation.’ ” Id. (quoting Valdez v. State, 504 So.2d 9, 10 (Fla. 2d DCA 1986)). The elements of aiding and abetting — assisting the actual perpetrator in some way and intent to participate — “may be proven by a combination of surrounding circumstances from which a jury can reasonably infer a defendant’s guilt.” Parker v. State, 795 So.2d 1096, 1099 (Fla. 4th DCA 2001).
The evidence here would allow a jury to infer that Salter entered the store just minutes prior to the robbery to purchase a drink and, presumably, “case” the store. In one of his statements, Salter confessed to being present, waiting for the robbery to be completed, and driving the vehicle away from the scene. Thus all that needed to be determined to show that Salter aided and abetted was intent to participate. This court held in Shaw v. State that prior knowledge of a plan and transportation for the principal(s) is sufficient evidence to overcome a judgment of acquittal. 824 So.2d 265, 270 (Fla. 4th DCA 2002). Additionally, intent to participate in a crime is a question for the jury and a trial court properly denies a motion for judgment of acquittal where an issue remains for the jury to decide. See Lewis v. State, 22 So.3d 753, 758 (Fla. 4th DCA 2009); Washington v. State, 766 So.2d 325, 327 (Fla. 4th DCA 2000).
Evidence was presented which placed Salter at the scene of the crime and showed his participation at least in fleeing from the robbery. Further, Salter’s varying stories, eventual confession that he drove the vehicle after the robbery, and the surveillance video which showed Salter looking around the store provided evidence which could have resulted in a jury’s finding that any reasonable hypothesis of innocence was excluded. We hold that the trial court properly denied Salter’s motion for judgment of acquittal because the evidence — both direct and circumstantial— was sufficient so that the jury could have properly determined that Salter participated in, and intended to participate in, the actual crime.

Jury Instruction

Salter argued that the jury should have been instructed regarding circumstantial evidence and that the court’s failure to instruct the jury and to, alternatively, allow defense counsel to argue the test for circumstantial evidence to the jury was erroneous. This court has held that the instruction on circumstantial evidence was eliminated and that a trial court may, in its discretion, opt to give a circumstantial evidence special instruction if the court feels *764 it is necessary. Perdue v. State, 421 So.2d 816, 816 (Fla. 4th DCA 1982).
Here, the trial court read the standard instructions and Salter did not show how failure to specially instruct the jury as to circumstantial evidence would be an abuse of discretion. Salter argued that the “peculiar facts” of this case created a necessity for instruction, yet never specified which facts would have created such a need. Without a showing of how the trial court abused its discretion, failure to read a special jury instruction is not erroneous. We therefore hold that the trial court’s decision to not read a special instruction regarding circumstantial evidence was not an abuse of discretion.

Sentencing Error

“Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo.” Kittles v. State, 31 So.3d 283, 284 (Fla. 4th DCA 2010). Salter argued that the trial court erred in its'denial of sentencing him as a youthful offender when Salter was nineteen years old at the time of the offense, twenty years old at the time of the sentencing, and had minimal participation in the crime. Salter further argued that the trial court declined to sentence him as a youthful offender because he entered a plea of not guilty and exercised his constitutional right to a jury trial. The State contended that the trial court, after reviewing criteria, may choose to decline to sentence someone as a youthful offender, even if he or she is qualified as such.
The State relied on the Second District Court of Appeal case, Nolte v. State, to support its position that “[i]t is not an abuse of discretion for a trial court, after reviewing the criteria, to decline to sentence a statutorily qualified person as youthful offender.” 726 So.2d 307, 309 (Fla. 2d DCA 1998). Here, the trial court stated that “the youthful offender, the lighter sentence, all of that is for people who plead; it’s not for people who go to trial like this fellow did.”
Additionally, the court explained that it would not “go along with” Salter’s request because he did not take responsibility and help the police or agree to a deal with the prosecutor, but instead just said he wanted to go to trial.
A defendant has the right to maintain his or her innocence and have a trial by jury.... The fact that a defendant has pled not guilty cannot be used against him or her during any stage of the proceedings because due process guarantees an individual the right to maintain innocence even when faced with evidence of overwhelming guilt.
Holton v. State, 573 So.2d 284, 292 (Fla.1990).
Here, the trial court reasoned that Salter chose to go to trial rather than plead guilty, which led to the court’s denial of his request to be sentenced as a youthful offender. Thus, the exercise of Salter’s constitutional right to a trial by jury resulted in a harsher sentence. While it is within the court’s discretion to sentence someone as a youthful offender, it is improper to decline one’s request because he or she opted to plead not guilty and request a jury trial. We affirm the conviction by the trial court, but remand the matter for resentencing before a different judge so the facts of this case can be considered in the determination of whether a youthful offender sentence is proper.

Affirmed in part; Reversed in paH.

CONNER, J„ and GILLESPIE, KENNETH L., Associate Judge, concur.