CASANUEVA, Judge.
The State of Florida appeals the grant of a motion for judgment of acquittal as to count one after a jury verdict finding Andrew P. Tovar, acting as a principal, guilty of felony battery. See § 924.07(l)(j), Fla. Stat. (2011); Fla. R.App. P. 9.140(c)(1)(E). Upon granting the motion, the trial court reduced the jury’s verdict and adjudicated Mr. Tovar guilty of misdemeanor battery as a lesser-included offense. We reverse.
The information filed against Mr. Tovar charged two offenses: count one was aggravated battery with a deadly weapon on Korey Barkley and count two was battery on Scot Fox. The two counts against Mr. Tovar were based on an altercation arising in the early morning hours of January 30, 2011, in a parking lot outside some bars and restaurants in downtown Ft. Myers. After an evening where all involved had been imbibing alcohol, Mr. Tovar and Robert Robbins got into a heated argument with Mr. Fox and Mr. Barkley[1] and fisticuffs ensued. The fighting ended when Mr. Tovar and Mr. Robbins drove off after they heard that Mr. Fox had dialed 9-1-1 for police assistance. But after the police arrived and left, having been assured by Mr. Fox that the breach of the peace was over, Mr. Robbins, with Mr. Tovar as passenger in his car, returned to the scene and resumed the fighting, Mr. Robbins again attacking Mr. Barkley. Mr. Fox testified at trial that Mr. Tovar grabbed Mr. Barkley from behind and held his arms down while Mr. Robbins continued his attack. After. Mr. Fox pulled Mr. To-var off Mr. Barkley, Mr. Tovar and Mr. Robbins drove off again but were quickly pursued, and apprehended because Mr. Fox gave the police the car’s description and tag number.
Mr. Barkley’s account of the evening was similar to Mr. Fox’s, adding that Mr. Robbins stabbed him several times but that he did not realize he had been stabbed until after his assailants had left the scene. But he did see Mr. Robbins with a knife as Mr. Robbins was retreating to his car. When Mr. Robbins’ car was stopped a short time later, the investigating officer found an empty knife sheath in the car on the floorboard of the driver’s area but no knife.
Mr. Tovar, while being interviewed that night as well as when testifying at trial, denied that he or Mr. Robbins had stabbed anyone, claimed that he had remained in the car during the second altercation, and maintained that he did not even know that Mr. Robbins had a knife in his possession.
*35 At both the close of the State’s case and at the close of the defense’s case, defense counsel moved for a judgment of acquittal as to count one, arguing that the State had not adduced sufficient evidence that Mr. Tovar had a conscious intent that a criminal act be done to Mr. Barkley so as to convict Mr. Tovar as a principal in the crime of aggravated battery with a deadly weapon. In moving for a judgment of acquittal, Mr. Tovar admitted the facts in evidence and all reasonable inferences in favor of the State. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974). The trial court denied the motion at the close of the State’s case and refrained from ruling when the motion was renewed at the close of all the evidence, taking it under advisement and allowing count one to go to the jury as charged. When the jury returned with a verdict of guilty of the lesser-included crime of felony battery on count one, the trial court immediately ruled and granted the pending motion for judgment of acquittal as to that count and entered a judgment of misdemeanor battery. The State timely appealed the granting of the motion for judgment of acquittal as to felony battery.
On appeal, the State argues that it had presented sufficient evidence to establish a prima facie case that Mr. Tovar’s conduct that evening operated in conjunction with Mr. Robbins’ criminal conduct to commit a felony battery on Mr. Barkley. Its evidence, the State submits, required the trier of fact to make a credibility determination of the competing versions and conclude whether Mr. Tovar was, in fact, guilty as a principal. We agree.
The standard of review on appeal of a judgment of acquittal after a jury verdict is de novo. See State v. Williams, 742 So.2d 509, 511 (Fla. 1st DCA 1999) (citing State v. Eversley, 706 So.2d 1363, 1364 (Fla. 2d DCA 1998), quashed in part on other grounds, 748 So.2d 963 (Fla.1999)). Mr. Tovar asserted that the State had not presented sufficient evidence to overcome his hypothesis of innocence that he did not know that his friend, Mr. Robbins, had a knife and that he did not assist Mr. Robbins in any way regarding the battery of Mr. Barkley. No one disputes that it was Mr. Robbins who stabbed Mr. Barkley and not Mr. Tovar. Mr. Tovar could only be convicted of felony battery as a principal.
The law of principal in the first degree, section 777.011, Florida Statutes (2011), defines that status in the following manner:
Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.
The parties agree on the elements the State needed to prove to establish that a defendant acted as a principal to a crime. See R.E. v. State, 13 So.3d 97, 98 (Fla. 4th DCA 2009). But it is clear from the verdict that the jury rejected Mr. Tovar’s version of events that he remained in Mr. Robbins’ car while the latter leaped out to resume the fight with Mr. Barkley and Mr. Fox.
When two people act in concert to commit a crime, one is responsible for the acts of the other. See Adams v. State, 341 So.2d 765, 768 (Fla.1976). According to the testimonies of State witnesses Mr. Fox and Mr. Barkley, Mr. Tovar joined in the fight between Mr. Robbins and Mr. Barkley by grabbing the latter around the neck and arms, thereby reducing Mr. Barkley’s ability to defend himself from Mr. Rob *36 bins’ blows, blows inflicted by fist and knife. This evidence pointed to Mr. Tovar as an aider and abettor to Mr. Robbins in the crime of felony battery on Mr. Barkley.
“[I]n order to be a principal in a crime, one must have a conscious intent that the crime be done and must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime.” L.J.S. v. State, 909 So.2d 951, 952 (Fla. 2d DCA 2005). But “ ‘a trial court should rarely, if ever, grant a motion for judgment of acquittal based on the state’s failure to prove mental intent.’ ” Hardwick v. State, 680 So.2d 1212, 1214 (Fla. 5th DCA 1994) (quoting Brewer v. State, 413 So.2d 1217, 1220 (Fla. 5th DCA 1982)). “Whether one had intent is generally a question given to a jury, for reasonable men may differ in determining intent when taking into consideration the surrounding circumstances.” State v. Herron, 70 So.3d 705, 706 (Fla. 4th DCA 2011).
The State presented a sufficient quantum of evidence from which the jury could conclude that Mr. Tovar was a principal in the crime of felony battery, and the trial court erred in taking that determination away from the jury. The issue of Mr. Tovar’s intent should have been decided by the fact finder. See State v. Carwile, 615 So.2d 748, 750 (Fla. 2d DCA 1993) (citing State v. J.T.S., 373 So.2d 418, 419 (Fla. 2d DCA 1979)). That a jury decide the intent of the defendant is the general rule whether the trial court was determining a motion to dismiss before trial or a motion for judgment of acquittal at trial.
Mr. Tovar’s motion for judgment of acquittal as to the degree of crime in count one should have been denied. Instead, the trial court, operating on its belief in Mr. Tovar’s version of events, removed that important credibility determination from the jury, thereby impermissibly acting as a seventh juror. See Tibbs v. State, 397 So.2d 1120, 1123 n. 10 (Fla.1981) (citing Abbott v. State, 334 So.2d 642, 647 (Fla. 3d DCA 1976) (noting that conflicts in the evidence and questions about the credibility of a witness will not justify reversal when the evidence is legally sufficient to support the conviction)); see also Ferebee v. State, 967 So.2d 1071, 1073 (Fla. 2d DCA 2007) (explaining that a trial court may not act as a seventh juror when determining if there were sufficient facts for the jury to make a determination of guilt but could do so on a motion for new trial).
Reversed and remanded with instructions to reinstate the jury verdict of guilty of felony battery and for further proceedings.
KELLY and KHOUZAM, JJ., Concur.

. From what can be gleaned from the record, the participants were arguing about unwanted attentions being bestowed upon female companions.