VILLANTI, Judge,
Dissenting.
I respectfully dissent because I disagree with the majority’s conclusion that, as a matter of law, “the State failed to meet its burden of proving that Rocker intended for the predicate offense of robbery to be committed and that he assisted in the commission of the attempted robbery.”
Rocker was convicted of first-degree murder as a principal on the theory that he aided and abetted Banks in the attempted robbery of the victim. To be a principal in a crime, a person “ ‘must have a conscious intent that the crime be done and must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime.’ ” State v. Tovar, 110 So.3d 33, 36 (Fla. 2d DCA 2013) (quoting L.J.S. v. State, 909 So.2d 951, 952 (Fla. 2d DCA 2005)). Because intent is a state of mind, it is rarely ascertainable by direct evidence, State v. Stenza, 453 So.2d 169, 171 (Fla. 2d DCA 1984), and it is usually proven through inference and circumstantial evidence, Manuel v. State, 16 So.3d 833, 835 (Fla. 1st DCA 2005).
When a conviction is based entirely upon circumstantial evidence, the sufficiency of the evidence is measured on appeal by a “special” standard of review. Bronson v. State, 926 So.2d 480, 482 (Fla. 2d DCA 2006). “Where the only proof of guilt is circumstantial, no matter how strongly the *910 evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” State v. Law, 559 So.2d 187, 188 (Fla.1989). The State does not have to conclusively rebut every possible variation of events which could be inferred from the evidence; it only has to introduce competent evidence inconsistent with the defendant’s theory of events. Id. “The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine,” and the jury’s decision will not be reversed when there is substantial, competent evidence supporting it. Id.
“ ‘Under the circumstantial evidence standard, when there is an inconsistency between the defendant’s theory of innocence and the evidence, when viewed in a light most favorable to the State, the question is one for the finder of fact to resolve and the motion for judgment of acquittal must be, deniedf.]’ ” Kocaker v. State, 119 So.3d 1214 (Fla.2013) (quoting Durousseau v. State, 55 So.3d 543, 556-57 (Fla.2010)); see also Orme v. State, 677 So.2d 258, 262 (Fla.1996) (“[T]he sole function of the trial court on motion for directed verdict in a circumstantial-evidence case is to determine whether there is prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the State and (b) the defense theory or theories. If there is such inconsistency, then the question is for the finder of fact to resolve.”). Stated another way, “[wjhether to grant a motion for judgment of acquittal hinges on the sufficiency of the evidence presented at trial and what factual findings the jury could ‘fairly and reasonably infer’ from that evidence.” Grohs v. State, 944 So.2d 450, 456 (Fla. 4th DCA 2006). I recognize that the State cannot defeat a motion for judgment of acquittal by accepting the defendant’s. uncontradicted theory of the facts and simply arguing that a competing theory is equally reasonable. See Ginn v. State, 26 So.3d 706, 710 (Fla. 2d DCA 2010). But that is not what happened in this case.
The issue in this case was Rocker’s intent. Intent can be proven by a combination of surrounding circumstances from which the jury can reasonably infer the defendant’s guilt. Salter v. State, 77 So.3d 760, 763 (Fla. 4th DCA 2011) (stating that the question of a defendant’s intent to participate in a crime is one for the jury). As this court has stated:
“[A] trial court should rarely, if ever, grant a motion for judgment of acquittal based on the state’s failure to prove mental intent.” Hardwick v. State, 630 So.2d 1212, 1214 (Fla. 5th DCA 1994) (quoting Brewer v. State, 413 So.2d 1217, 1220 (Fla. 5th DCA 1982)). “Whether one had intent is generally a question given to a jury, for reasonable men may differ in determining intent when taking into consideration the surrounding circumstances.” State v. Herron, 70 So.3d 705, 706 (Fla. 4th DCA 2011).
Tovar, 110 So.3d at 36; see also State v. Hurley, 676 So.2d 1010, 1011 (Fla. 2d DCA 1996); Washington v. State, 737 So.2d 1208, 1215-16 (Fla. 1st DCA 1999) (explaining that judgment of acquittal is rarely granted on the issue of intent “because proof of intent usually consists of the surrounding circumstances of the case [and] reasonable persons might differ as to facts tending to prove ultimate facts or inferences to be drawn from the facts”).
In this case, the majority’s approach disregards this admonition and decides the issue of intent by analyzing the facts of the case one by one, instead of in toto taking into account the surrounding circumstances. After analyzing the facts one by one, the majority opinion culminates in the conclusion that the State did not “present *? any evidence indicating Rocker’s intent.” This conclusion ignores the fact that the State’s evidence of all the circumstances surrounding the event is what the jury could legally rely on to find such an intent. See generally Tovar, 110 So.3d at 36 (reversing judgment of acquittal after concluding that trial court had improperly “operat[ed] on its belief [of defendant’s] version” of his intent and removed that credibility determination from the jury).
Here, the State met its burden of introducing evidence inconsistent with Rocker’s hypothesis of innocence which would then allow the jury to infer his intent to commit the crime. That evidence showed that Rocker aided in commission of the attempted robbery by making repeated phone calls to the victim to get the victim to drive to the neighborhood — a neighborhood he neither lived in nor frequented. While Rocker was on the phone with the victim, Butler asked who he was talking to and Banks told him, “shush,” to be quiet, which suggested that Rocker and Banks were working together to lure the victim. As the trial court noted in its ruling, a jury could conclude that this was evidence of “shushing the other guy ... so the guy who is the object of the robbery doesn’t know there’s going to be multiple people there.” Rocker and Banks brought a gun with them to Butler’s home and were passing it back and forth, “fondling it.” Right before they left Butler’s house, they asked Butler if he wanted to “go handle something.” Notably, although Rocker was the person who had purchased cocaine from the victim several times in the past, when the victim drove to the neighborhood Rocker did not approach the vehicle; he let Banks approach the victim and apparently hid.[5] When Banks approached the victim, he did not ask the victim about drugs. Instead, Banks asked only, “Where the money at?” As the trial court noted, “you don’t go up to somebody that you’re going to do a dope deal with and say where’s the money at.” The shooting followed. These facts contradicted the defense theory that Rocker simply intended to purchase drugs that night and did not intend to participate in the victim’s robbery. Finally, after the victim was shot, Rocker was seen running away from the scene with Banks. While mere presence at the scene, knowledge of the crime, and flight are insufficient to justify a conviction, elements of assistance of the perpetrator and intent may be proven by a combination of surrounding circumstances. Salter, 77 So.3d at 763; T.S. v. State, 675 So.2d 196, 198 (Fla. 4th DCA 1996). For example, evidence of a person’s flight away from a crime scene is evidence of consciousness of guilt. Brown v. State, 85 So.3d 1160, 1163 (Fla. 4th DCA 2012). Based on the totality of the evidence “a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.” Pagan v. State, 830 So.2d 792, 803 (Fla.2002). When viewed in context and in toto, as found by the trial court in performing its gatekeeping function, there was sufficient evidence that contradicted Rocker’s theory that this was simply a consensual drug deal gone bad. Therefore, I conclude that the trial court did not err in denying Rocker’s motion for judgment of acquittal, and I would affirm.
Finally, I note that in Knight v. State, 107 So.3d 449 (Fla. 5th DCA 2013), the *912 Fifth District recently made a compelling argument advocating that the supreme court abandon the use of a “special” circumstantial evidence standard of review in wholly circumstantial evidence cases. Knight also rejected the manner in which this court and other district courts have applied that “special” circumstantial evidence standard to state-of-mind elements such as knowledge, intent, or premeditation, and it certified conflict to the supreme court. Id. at 462-66. The Fifth District articulated the difficulty posed by applying this “special” standard of review to state-of-mind elements: “a person can always claim to have a different state of mind than his or her actions suggest. And, when you remove the role of the fact-finder (in the courtroom) and view the explanation solely as a logic exercise on a cold appellate record, the explanation will almost always appear plausible.” Id. at 464. In fact, this case demonstrates the problem with applying this “special” standard of review to state-of-mind elements such as intent. Hence, I too would encourage the supreme court to reconsider Florida’s use of the “special standard of review” in circumstantial evidence cases for all of the reasons discussed in Knight.

. Of course, the only testimony to this fact comes from Butler, who was Rocker's childhood friend and who barely knew Banks. And this testimony seems to be contradicted by the State's evidence that Rocker had gunshot residue on his hands upon arrest while Banks did not. The upshot of this is that the jury in this case was properly permitted to assess the credibility of Butler’s testimony-a credibility determination that should not be taken from it.