DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JAQUONE R. PENNY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0032

_____

October 1, 2025

Appeal from the Circuit Court for Hillsborough County; Christine Ann
Marlewski, Judge.

Rachael E. Reese of Rachael Reese, P.A., Tampa, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Krystle Celine
Cacci, Assistant Attorney General, Tampa, for Appellee.


BLACK, Judge.

Jaquone R. Penny appeals from his judgment and sentences for
two counts of attempted second-degree murder and two counts of
aggravated battery with a deadly weapon.  We reverse and remand for
discharge.

Penny was charged and convicted as a principal to all crimes.  After the State rested its case, Penny moved for judgment of acquittal, arguing that the State had failed to present any evidence that Penny acted as a principal to the crimes.  "[I]n order to be a principal in a crime, one must have a conscious intent that the crime be done *and* must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime."  *Dixon v. State*, 401 So. 3d 610, 610 (Fla. 2d DCA 2025) (alteration in original) (quoting *State v. Tovar*, 110 So. 3d 33, 36 (Fla. 2d DCA 2013)).  "[T]here must be proof of some overt act, or some words uttered, in furtherance of the scheme that led to the [crime]."  *Williams v. State*, 314 So. 3d 775, 787 (Fla. 1st DCA 2021).  Here, the State failed to present evidence of either element necessary to convict Penny as a principal to the crimes.  *See Farris v. State*, 406 So. 3d 951, 958 (Fla. 4th DCA 2025) ("[T]he State was required to prove that Farris had a conscious intent for Alford to shoot the victim unjustifiably, and that Farris did some act which was intended to assist him.").  The trial court erred in denying Penny's motion for judgment of acquittal.

Reversed and remanded for discharge.


KELLY, J., Concurs.
ATKINSON, J., Concurs in result only.

ATKINSON, Judge, Concurring in result only.

I agree with the majority that there was insufficient evidence that Penny had "a conscious intent that the crime be done."  *See Dixon v. State*, 401 So. 3d 610, 610 (Fla. 2d DCA 2025) (quoting *State v. Tovar*, 110 So. 3d 33, 36 (Fla. 2d DCA 2013)); *cf. Staten v. State*, 519 So. 2d 622, 624 (Fla. 1988) ("[M]ere presence at the scene, including driving the

2

perpetrator to and from the scene or a display of questionable behavior after the fact, is not sufficient . . . ." (quoting *Collins v. State*, 438 So. 2d 1036, 1038 (Fla. 2d DCA 1983))). The State did not adduce "competent, substantial evidence" such that "a rational trier of fact could have found . . . beyond a reasonable doubt," *see Bush v. State*, 295 So. 3d 179, 200 (Fla. 2020) (quoting *Rogers v. State*, 285 So. 3d 872, 891 (Fla. 2019)), that Penny "had the requisite intent" that the crimes be committed or "knew" that the individual who pulled the trigger "had that intent," *see Staten*, 519 So. 2d at 624 (citing *Stark v. State*, 316 So. 2d 586, 587 (Fla. 4th DCA 1975)). *Cf. Staten*, 519 So. 2d at 624 ("[T]he getaway driver who has *prior* knowledge of the criminal plan and is 'waiting to help the robbers escape' . . . is . . . a principal." (emphasis added) (quoting *Enmund v. State*, 399 So. 2d 1362, 1370 (Fla. 1981), *rev'd on other grounds*, 458 U.S. 782 (1982))); *Hall v. State*, 100 So. 3d 288, 289 (Fla. 4th DCA 2012) ("[W]hile there was evidence from which a jury might have concluded that the defendant became aware of the crime *after* it was committed, there was no evidence the defendant had any prior knowledge of a criminal plan or had a conscious intent that the robbery be committed.").

However, had the State been able to adduce adequate evidence that Penny had the requisite intent that the crimes of attempted murder and aggravated battery be committed, there would have been sufficient evidence in the record to support the other component required to convict a defendant as a principal—the commission of "some act" or utterance of "some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime." *See Dixon*, 401 So. 3d at 610 (quoting *Tovar*, 110 So. 3d at 36). There was competent, substantial evidence from which a rational jury

3

could have concluded beyond a reasonable doubt that Penny was the driver of the vehicle from which the shots were fired and that he "aid[ed]" or "abet[ted]" the commission of the offenses. *See* § 777.011, Fla. Stat. (2023) ("Whoever . . . aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such . . . ."). Consequently, I respectfully concur in result only.

_____

Opinion subject to revision prior to official publication.

4