855 So.2d 92 (2003)
Jorge HANANIA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1025.
District Court of Appeal of Florida, Second District.
June 13, 2003.
Tony C. Dodds, Lakeland, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Jorge Hanania appeals the revocation of his probation and argues that the violations were not willful and substantial. We agree and reverse.
In 1992 Hanania was convicted of conspiracy to traffic in cocaine. He was sentenced to fifteen years' imprisonment *93 followed by ten years' probation. His probation order contained the following special conditions pertinent to this appeal:
(2) You will pay the State of Florida $40 per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.
....
(6) You will not use intoxicants to excess. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.
....
(12) You shall not (consume any alcohol/illegal drugs) (be in possession of alcohol or illegal drugs) (associate with persons who use alcohol or illegal drugs) (frequent places where alcohol is the main source of business or illegal drugs are used).
....
(21) You are to pay (Court Costs) (Fine & Court Costs) for case(s) pled to of $275, to the Clerk of the Court, Criminal Division, by w/in 2 yrs....
In December 2000 an affidavit was filed alleging that Hanania had violated conditions 2, 6, 12, and 21 of the probation order. The affidavit asserted that Hanania had been instructed to not visit places where drugs are unlawfully sold, dispensed, or used, to not associate with persons who use illegal drugs, and to not frequent places where illegal drugs are used. The affidavit alleged that Hanania violated his probation by being a passenger in a car that was found to contain drugs and related paraphernalia, and that he was in arrears in the payment of the monetary conditions of the probation order.
At an evidentiary hearing, a Lakeland police officer testified that in November 2001, he came into contact with Hanania during a traffic stop. Hanania was a passenger in the car. The officer checked identification and learned that Hanania was on probation for a drug offense. The officer stated that he suspected there might be narcotics activity and he called for a narcotics detection dog. After the dog "alerted" on the passenger's seat of the car, the officer searched the car. He and another officer found the following: a yellow manila envelope containing three baggies of suspected methamphetamine located between the passenger's seat and the center console transmission column; an electronic scale located in a recess under the stereo in the dashboard; several empty, small, plastic baggies located in a cloth bag in the center console; and an envelope addressed to the driver and owner of the vehicle and containing marijuana located under the passenger seat. The officer acknowledged that he was unable to testify that Hanania knew of the presence of the narcotics or even what Hanania might have been able to see while in the car. The officer was unable to get fingerprints from the items.
In his defense, Hanania testified that the driver of the car was an acquaintance with whom he rarely socialized. Hanania had been at a store when the car pulled up and the driver entered the store. Hanania asked for a ride home, and approximately five blocks from the store, the police stopped the car. Hanania testified that he knew nothing about the drugs and the scale in the car, and had he known of the narcotics he would not have stayed in the car. He also testified that he was unable to work and pay his fines and costs because of recent knee surgery. At the conclusion of the testimony, the trial court found that Hanania had violated conditions 2, 6, 12, and 21.
*94 For a trial court to revoke probation based on a violation of a condition of probation, the State must establish by a preponderance of the evidence that the violation was willful and substantial. Stevens v. State, 823 So.2d 319, 321 (Fla. 2d DCA 2002). The standard of review that applies to an order revoking probation is abuse of discretion. Id.
The issue of whether a violation was willful may be proven by circumstantial evidence. See Walton v. State, 780 So.2d 1043, 1044 (Fla. 4th DCA 2001). The State suggests that the evidence of Hanania's proximity to the contraband was sufficient to establish the violation of conditions 6 and 12. We disagree. Nothing in the record demonstrated that Hanania knew of the presence of the drugs or the scale, or that he was in possession of or had the ability to exercise control over those items. See id.; C.M. v. State, 818 So.2d 554, 555 (Fla. 2d DCA 2002). Additionally, there was no evidence that Hanania knew that the car was a place where drugs were being unlawfully sold, dispensed, or used, that Hanania knew that the driver was a person who used alcohol or illegal drugs, or that Hanania otherwise willfully and substantially violated any portion of conditions 6 or 12. Finally, there was no evidence that contradicted Hanania's explanation as to why he was a passenger in the car.
As to conditions 2 and 21, in order to show a willful violation of probation, the State had to prove that Hanania had the ability to pay the costs and fines. See Knight v. State, 801 So.2d 160, 161 (Fla. 2d DCA 2001). The State failed to meet its burden, and Hanania established his inability to pay.
Therefore, we reverse the probation revocation order and remand with directions that the trial court reinstate Hanania's probation.
Reversed and remanded.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, concur.