STEVENSON, J.
Robert Bell was tried by jury and convicted of delivery of cocaine and conspiracy to deliver cocaine. In this appeal, the defendant challenges these convictions, insisting that he was entitled to a judgment of acquittal on both charges and that the reading of a principals jury instruction in connection with the conspiracy charge requires reversal of such conviction. We reject without further comment the defendant’s claim that there was insufficient evidence to support his conviction for delivery of cocaine. We agree, though, that the defendant was entitled to a judgment of acquittal with regard to the charge of conspiracy to deliver cocaine and write to address that issue.
By June of 2009, police were investigating two brothers for drug trafficking. In September of 2009, a confidential informant contacted police, indicating he had information concerning the brothers. Police used the confidential informant and a second confidential informant to set up drug buys from the brothers. The first informant was a middle man of sorts, making the introductions, while the second informant posed as a stripper who wanted to buy drugs to sell at the club. The first informant’s conversations with the brothers were recorded, and he was wearing a wire during the buys.
Police recorded a September 23, 2009 conversation between the first informant and one of the brothers, wherein the pair made plans to meet in an hour. The two informants drove to that brother’s residence intending to purchase an eight-ball of cocaine. When they arrived, another man was there as well. The informants identified this man as the defendant, with the second informant testifying he was introduced as “Bobby D.” The one brother and the defendant got into the back of the second informant’s car and the foursome drove to an apartment complex down the road. While both informants claimed to be fuzzy on the details, both testified the first informant handed the money to the defendant. The second informant testified that they were supposed to purchase the eight-ball for $125 and that, after the one brother walked away, she, the first informant and the defendant drove to a convenience store for change. When the store could not make change, the defendant told her they would give her credit for $5. Police monitoring the buy and the conversation *201 confirmed that the informants and the defendant drove to the convenience store and that the defendant agreed to give the second informant a $5 credit. In a phone conversation recorded the following day, the first informant negotiates the purchase of an ounce of cocaine from the one brother and informs him that “tomorrow afternoon I ain’t dealing with that other dude” and “I don’t trust him with my money.”
Thereafter, the first informant set up several more buys with the one brother. On October 13, 2009, the first informant left that brother a voice message accusing that brother of dodging his calls and telling him “Bobby” told him to call. The final buy was made on October 22, 2009. The first informant testified that the defendant was not involved in any of the post-September 23rd buys. When police arrested the brother after the October 22, 2009 buy, the defendant was found in the parking lot of the residence where the buy took place.
To convict the defendant of conspiracy to deliver cocaine, the State was required to prove (1) that it was the defendant’s intent that the crime of delivery of cocaine would be committed and (2) that, to carry out this intent, the defendant agreed, conspired, or confederated with the one brother to cause the delivery of cocaine to be committed by both of them, one of them, or by a third person. See § 777.04(3), Fla. Stat. (2009); Fla. Std. Jury Instr. (Crim.) 5.3. “Both an agreement and an intention to commit an offense are necessary elements of this crime.” Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979) (emphasis added). “ ‘[W]hen the evidence establishes ‘that the defendant was merely present at the scene of the crime, had knowledge of the crime, or even aided others in the commission of the crime,’ it is inadequate, without more, to sustain a conspiracy conviction.’ ” Dieujuste v. State, 86 So.3d 1209, 1212 (Fla. 4th DCA 2012) (quoting Jackson v. State, 74 So.3d 563, 566 (Fla. 4th DCA 2011) (citation omitted)).
Here, there was unquestionably evidence that the defendant assisted and/or participated in the September 23rd drug sale. There was, however, no evidence that the defendant had any knowledge of the drug deal before the informants’ arrival that day. The first informant negotiated the deal with the one brother and there was no evidence that either the informants or the brothers had any contact with the defendant before the defendant’s presence at, and participation in, the September 23rd buy. There was some evidence suggesting the defendant was involved with the brothers’ drug deals after September 23rd, i.e., the first informant’s October 13th voicemail for the one brother indicating “Bobby” told him to call and the defendant was found in the parking lot after the final buy. Such evidence, however, does nothing to establish that, before the September 23rd buy, there was an agreement between the defendant and the brothers to sell or deliver cocaine. The defendant was thus entitled to a judgment of acquittal on the conspiracy charge. Compare Rouse v. State, 583 So.2d 1111 (Fla. 4th DCA 1991) (affirming conspiracy conviction where defendant was unexpectedly present at prearranged drug buy, but defendant assured undercover officer supplier was legitimate, defendant called supplier when he was late, and, when drugs finally changed hands two days later, defendant was on premises and had supplier’s pager number in his pocket), with Mickenberg v. State, 640 So.2d 1210 (Fla. 2d DCA 1994) (reversing conspiracy conviction where there was evidence that defendant was present at a number of drug buys set up with a man and that defendant was seen putting money in the man’s safe, but no evidence that *202 defendant was involved in setting up the deals). Our holding renders moot the defendant’s jury instruction issue.

Affirmed in Part and Reversed in Part.

GERBER and CONNER, JJ., concur.