CASANUEVA, Judge.
Zamara Janice Williams appeals her judgment and sentence for possession of cannabis with intent to sell, manufacture, or deliver. She challenges the sufficiency of evidence to support a guilty verdict for the constructive possession of the illegal drug. We conclude that her challenge is meritorious because the trial court erred by denying her motion for judgment of acquittal.[1]
Background
Tampa police officers Filippone and Cruz followed Ms. Williams onto the interstate highway after they saw her drop off a passenger in the middle of 24th Avenue. They signaled to her to pull over because she was speeding and driving recklessly on the interstate and she complied, exiting the interstate and pulling into a parking lot.[2] She was driving a rented compact hatchback with two passengers. Even before the officers pulled up behind her in the parking lot, she had exited her vehicle and approached them in an extremely agitated state, telling the officers to just go ahead and give her the traffic citation. She was behaving in such an overwrought *61 manner, amounting almost to having a panic attack and hyperventilating, that it took the officers several minutes to calm her before they could continue with the traffic stop. One officer testified that her heart was beating so furiously that he could see it pounding in her chest and offered to call emergency medical services (EMS), but she declined. The officers also testified that during this initial period of the stop, she was continually moving away from her vehicle and thus drawing them away with her; they had to keep bringing her back to her vehicle. As they stood near the driver’s door, they perceived the strong odor of fresh marijuana that was emanating from the vehicle and traced it to a closed black bag behind the rear seat in the hatchback.
Based upon the odor of marijuana, the officers asked Ms. Williams for permission to search the car. She responded by saying that she did not think that there would be drugs in the car but consented to the search. Upon further investigation, the officers noted that the car was unkempt with paperwork bearing Ms. Williams’ name strewn about. Inside the black bag they found a gallon ziplock bag containing almost a pound of fresh marijuana;[3] a smaller baggie containing several pieces of what appeared to be, and what were later confirmed to be, crack cocaine; an open box of sandwich bags; and two digital scales. No attempt was made to lift fingerprints from the black bag or any item from inside the bag. Although the car was rented in Ms. Williams’ name, she was driving it, and her personal belongings were in the car, there was nothing on or in the black bag that tied it or the items inside it to her or anyone else.
Based on the above, the State charged Ms. Williams with three counts: possession of cannabis with intent to sell; possession of cocaine with intent to sell; and possession of drug paraphernalia.[4] When Ms. Williams’ defense counsel moved for judgment of acquittal at trial, the trial court denied the motion based on the strong odor of marijuana, the fact that the officers had found letters addressed to Ms. Williams in the car, and the fact that the car was rented in her name. After the jury submitted a question that indicated its concern about interpreting constructive possession,[5] it returned a verdict of guilty of possession of cannabis but not guilty of the cocaine and paraphernalia counts. The trial court sentenced Ms. Williams to four years’ probation and she timely appealed. Because she was acquitted of the other two counts, our discussion focuses only on the marijuana in the black bag.
Standard of Review
In moving for a judgment of acquittal, a defendant admits all the facts introduced into evidence and all fair and reasonable inferences from them which must be viewed in the light most favorable to the State. See Pearce v. State, 880 So.2d 561, 571-72 (Fla.2004); Lynch v. State, 293 So.2d 44, 45 (Fla.1974). A determination of whether sufficient evidence was presented to support the verdict is *62 subject to de novo review by the appellate court. Jackson v. State, 25 So.3d 518, 531 (Fla.2009); Berube v. State, 5 So.3d 734, 743 (Fla. 2d DCA 2009). When a trial court denies a motion for judgment of acquittal, the reviewing court may not reverse if there is competent, substantial evidence to support the jury’s verdict. Chamberlain v. State, 881 So.2d 1087, 1104 (Fla.2004) (citing Rogers v. State, 783 So.2d 980, 988 (Fla.2001)).
The Law Of Constructive Possession
Because it was clear that Ms. Williams did not have exclusive possession of the black bag containing marijuana, as there were other persons in the car and she did not admit the bag was hers, the State was required to prove constructive possession with evidence beyond the fact that she was in near proximity to the black bag. See K.A.K. v. State, 885 So.2d 405, 407 (Fla. 2d DCA 2004) (holding that mere proximity to narcotics is insufficient to show that the person had constructive possession of the drugs; the mere fact that a person is close to the contraband does not alone establish that he or she knew of the presence of the items or was able to exercise dominion and control over them); see also Smith v. State, 687 So.2d 875, 878 (Fla. 2d DCA 1997). When a defendant is not in exclusive possession of the vehicle where the contraband is found, the elements of knowledge and dominion and control may not be inferred or assumed but must be established through additional and independent proof. E.A.M. v. State, 684 So.2d 283, 284 (Fla. 2d DCA 1996). Therefore, the State’s burden was to prove two elements: (A) that Ms. Williams knew of the presence of the contraband and (B) that she had the ability to exercise dominion and control over it. See Wagner v. State, 950 So.2d 511, 512 (Fla. 2d DCA 2007). It is the latter element for which we find the State’s evidence lacking.[6]
Analysis
The first element — knowledge of the presence of the marijuana in the black bag — that the State had to prove in order to convict Ms. Williams of constructive possession is satisfied here by the evidence of the strong odor of marijuana of which the officers were conscious when they approached her car. Additional evidence to support this first element is the reasonable inference that can be taken from Ms. Williams’ extraordinary behavior when she was stopped. The officers testified that they had never before stopped anyone for a traffic violation and had the person react as Ms. Williams did. She was anxious and nervous to an unheard of degree, hyperventilating and having observable heart palpitations, causing the officers to fear for her health and to offer to send for EMS. Further, she continually tried to maintain *63 a distance between herself and the officers and her car. The reasonable inference is that she knew there was marijuana in the car.
It is the second element — ability to exercise dominion and control — for which there was insufficient proof. Had Ms. Williams been the only person in the car when the officers stopped her, this element would have been satisfied and a jury question raised. See State v. Odom, 862 So.2d 56, 59 (Fla. 2d DCA 2003) (“As the sole occupant and driver of the vehicle, Odom had exclusive possession of the vehicle creating an inference of his dominion and control over the contraband contained therein particularly since the contraband was found lodged between the driver’s seat and the console of the car.”) But because Ms. Williams had two passengers with her, the State is not entitled to the benefit of an inference of dominion and control. The State is required to produce independent evidence pointing to her dominion and control of the black bag containing the marijuana. Ms. Williams’ argument relies on several cases with analogous factual circumstances that we find persuasive.
In Woods v. State, 765 So.2d 255 (Fla. 2d DCA 2000), police officers followed the defendant and his passenger into the park-' ing lot of a convenience store after observing a traffic infraction. When the defendant exited the vehicle, a brown cigar tube fell out at his feet from inside the car; he looked down and kicked it under the edge of the car. One officer told him to stop, which he did, but he appeared nervous. Upon opening the cigar tube, the officer arrested the defendant for possession of cocaine, at which point the defendant shouted to onlookers that the drugs had been planted on him. Id. at 256. The defendant claimed the car was registered to his girlfriend and that his passenger, who had quickly left the scene, had tossed the tube toward him as he got out. He had no explanation why he kicked the tube under the car. Id. at 256-57. Upon his conviction, the defendant appealed, arguing that the trial court had erred in denying his motion for judgment of acquittal. This court reversed with directions to dismiss the charge. Id. at 257-58.
This is an analogous situation and, like the cigar tube in Woods, there was nothing about the black bag that tied it to the driver when there was another person in the car. The State did not produce in either case independent evidence of the defendant’s dominion and control over the contraband.
In Hargrove v. State, 928 So.2d 1254 (Fla. 2d DCA 2006), when the driver was stopped, he stepped out of the car to speak with officers, leaving three passengers inside the vehicle. While outside the car, an officer saw a “smoking crack pipe” on the driver’s seat floorboard. Id. at 1255. No officer saw the driver in possession of the pipe nor did any passenger make any hand movement prior to finding the pipe. The State charged the driver with possession of cocaine and paraphernalia, and he appealed to this court. We reversed, concluding that even if the crack pipe had been emitting smoke and the driver had thus known of its presence, the State’s evidence had failed to establish that the driver had been able to exercise dominion or control over the substance. Id. at 1256.
In K.A.K., 885 So.2d 405, the defendant was adjudicated delinquent for constructive possession of drug paraphernalia. The defendant was driving her car with three passengers when she was involved in a serious accident that totaled the car. Upon arrival several minutes later, the officers saw that the driver’s side door was open and spotted a glass or ceramic item on the floorboard of the driver’s side. They immediately recognized it as a pipe *64 often used to smoke illegal substances, and its presence provided probable cause to search the entire car. Id. at 406. This search revealed a green, leafy substance scattered all around on the driver’s floorboard and the driver’s seat. They also found a box containing cigarette rolling papers and a pair of scissor-type tweezers in the open glove compartment. The tip of the tweezers had a burnt substance on its edge. The State charged her with misdemeanor possession of the cannabis scattered around the car and misdemeanor possession of drug paraphernalia, i.e., the glass pipe from the driver’s side floorboard and the tweezers and rolling papers from the glove compartment. The trial court acquitted her of the possession of marijuana count but adjudicated her delinquent for the paraphernalia count. We reversed that adjudication because the State had not presented independent proof that she knew of the presence of the items or that she had the ability to control them. Id. at 407. The State had not overcome her hypothesis of innocence that another of the passengers in the car had dominion and control over the paraphernalia.
In reasoning that is equally applicable to Ms. Williams’ case, we said that “[t]he fact that the [paraphernalia] were found in that glove compartment, rather than in the passenger area itself, was not sufficiently distinctive factually or dispositive of the case because the compartment was open to all at the time the deputy searched.” Id. at 408. Ms. Williams and her passengers had equal access to the black bag containing marijuana in the hatchback of the car, but the State did not present any evidence tying the bag to her specifically to the exclusion of her reasonable hypothesis of innocence.
In Green v. State, 667 So.2d 208 (Fla. 2d DCA 1995), where the defendant was the passenger in the car, the State produced similar insufficient evidence to prove beyond a reasonable doubt constructive possession of cocaine found in a glove compartment. We reversed in Green, concluding, after viewing the evidence in the light most favorable to the State, that the most the State demonstrated was that the defendant was in proximity to the contraband, that he was nervous during the traffic stop, that cocaine was found in a secret compartment over the glove box, and that there was a spicy odor in the ear. Id. at 211.
Even under the lesser standard of proof by a preponderance of evidence in a violation of probation case, the State in Hanania v. State, 855 So.2d 92 (Fla. 2d DCA 2003), failed to prove constructive possession of contraband. The affidavit of violation of probation alleged that the defendant had violated conditions of his probation which had instructed him not to visit places where drugs were unlawfully sold, dispensed, or used; not to associate with persons who used illegal drugs; and not to frequent places where illegal drugs were used. Id. at 93. A law enforcement officer had stopped the car in which the defendant was a front seat passenger, and a narcotics dog alerted on the passenger’s seat of the car. Upon his searching the car, the officer found a yellow manila envelope containing three baggies of suspected methamphetamine between the passenger’s seat and the center console transmission column, an electronic scale in a recess under the dashboard, and an envelope containing marijuana addressed to the driver and owner of the car under the passenger seat. The defendant testified that he had only recently entered the car, about five blocks before the traffic stop, because the driver, an acquaintance of his, had agreed to give him a ride home from the store where they had met. Id. The State argued that the defendant’s proximity to the contraband was sufficient *65 evidence of the conditions violated but this court disagreed because nothing in the record indicated that the defendant knew of the presence of the drugs or the scale or that he had the ability to exercise dominion and control over them. Id. at 94. Even though Ms. Williams was the driver of her car and the defendant in Hanania was a passenger, the present case is much like Hanania because there was no independent evidence linking either defendant to the contraband sufficient to convict other than mere proximity of contraband not in plain view.
Further, we are not persuaded by the State’s argument or the cases upon which it relies as they are factually distinguishable. See Brown v. State, 8 So.3d 464 (Fla. 2d DCA 2009); State v. Holland, 975 So.2d 595 (Fla. 2d DCA 2008); Ubiles v. State, 23 So.3d 1288 (Fla. 4th DCA 2010); Taylor v. State, 13 So.3d 77 (Fla. 1st DCA 2009).
Conclusion
The evidence presented at trial satisfied the first element — knowledge—that the State had to prove in order to overcome a motion for judgment of acquittal, but it did not establish that Ms. Williams was able to exercise dominion and control over the black bag that contained marijuana. See Culver v. State, 990 So.2d 1206, 1210 (Fla. 2d DCA 2008). Because the State failed to present sufficient evidence linking Ms. Williams to the contraband other than her mere proximity to it, the trial court erred in denying her motion for judgment of acquittal. Accordingly, we reverse the judgment and sentence for possession of marijuana. Because of the insufficient evidence supporting her conviction, on remand she must be discharged.
Judgment and sentence reversed and cause remanded with instructions to discharge Ms. Williams.
KHOUZAM, J., Concurs.
ALTENBERND, J., Concurs with opinion.

. Ms. Williams raised, as a second issue, that the trial court erred in refusing to give a special jury instruction on constructive possession. Due to our disposition finding a lack of sufficient evidence, that issue is moot.

. Ms. Williams does not dispute the legality of the stop.

. When weighed, the FDLE found the amount of marijuana in the bag to be 413 grams or approximately 14.75 ounces.

. §§ 893.13(l)(a)2, 893.13(l)(a)l, and 893.147(1), Fla. Stat. (2009), respectively.

. Specifically, the question the jury sent out was: “In evaluating constructive possession, when the person does not have exclusive possession, please define inferred or assumed, i.e., would stating that Zamara was aware of a smell, not necessarily what the smell was, be an inference or an assumption.” The trial court's response to this question, with concurrence by both counsel, was: “All definitions and legal instructions permitted by law have been provided to you.”

. Were we to accept the State’s arguments here — that merely by being the driver and renter of the car Ms. Williams had dominion and control over whatever closed containers were placed in the car with her and her passengers — it would be tantamount to turning such constructive possession into "strict liability” on the part of the driver, which we are not prepared to do.
Professor LaFave, who is considered to be a leading authority in the area of criminal law, has also offered in his substantive criminal law treatise the observation that "some authority is to be found to the effect that a s trict-li ability criminal statute is unconstitutional if (1) the subject matter of the statute does not place it ‘in a narrow class of public welfare offenses,' (2) the statute carries a substantial penalty of imprisonment, or (3) the statute imposes an unreasonable duty in terms of a person's responsibility to ascertain the relevant facts.” 1 W. LaFave, Substantive Criminal Law § 5.5(b) at 389-90 (2d ed. 2003) (footnotes omitted).
State v. Adkins, 96 So.3d 412, 428 n. 5 (Fla. 2012) (Pariente, J., concurring in result).