VAN NORTWICK, J.
Christopher S. Perry challenges his multiple convictions and sentences arising from the repeated sexual battery of his daughter, E.P., by another man, Robert G. Young. In counts 1 through 5 he was charged with capital sexual battery as a principal to the offenses committed by Young; in count 6 he was charged with lewd molestation as a principal to Young’s actions; in count 7 he was charged with felony child neglect; and in count 8 he was charged with conspiracy with his wife and mother-in-law to commit capital sexual battery on E.P. Perry was convicted of all 8 counts.
Among other things, Perry argues that the trial court committed reversible error (i) in denying his motion for judgment of acquittal (JOA) on counts 1 through 5 because the evidence was legally insufficient to convict him as a principal for crimes committed by Young, (ii) in denying his motion for a JOA on the charge of conspiracy because the evidence did not establish an agreement, and (iii) in denying his motion in limine to exclude from trial reference to prior sexual conduct among Perry, his wife, and Young. For the reasons that follow, we reverse the denial of the motion for a JOA on the conspiracy count and remand for entry of a JOA on that count. We affirm the other issues raised on appeal.
Perry argues that the trial court erred in denying appellant’s motion for a JOA as to count 8 (conspiracy) because there was a lack of evidence that appellant entered into any sort of agreement with Mary Perry or Patricia Woloszynowski (the grandmother) to commit the crime of capital sexual battery on E.P. The offense of conspiracy occurs when a person “agrees, conspires, combines, or confederates with another person or persons to commit an offense.... ” § 777.04(3), Fla. Stat. (2011); see Bell v. State, 111 So.3d 199 (Fla. 4th DCA 2013) (holding a conspiracy exists where there is an express or implied agreement between two or more persons to commit a criminal offense coupled with an intent to commit the offense); Schlicher v. State, 13 So.3d 515, 517 (Fla. 4th DCA 2009). Proof that a defendant was at the scene of a crime, had knowledge of it, or aided others in the commission of the substantive offense is not sufficient proof of conspiracy. Jackson v. State, 74 So.3d 563, 565 (Fla. 4th DCA 2011); Sheriff v. State, 780 So.2d 920, 921 (Fla. 4th *392 DCA 2001). The offense of conspiracy may be proved by circumstantial evidence. In Vasquez v. State, 111 So.8d 273, 275 (Fla. 2nd DCA 2013), the Second District stated as follows:
A conspiracy exists where there is an express or implied agreement between two or more persons to commit a criminal offense and an intention to commit the offense. Schlicher v. State, 13 So.3d 515, 517 (Fla. 4th DCA 2009). The fact-finder may infer the agreement from the circumstances; direct proof is not necessary.
In McCants v. State, 587 So.2d 673, 673 (Fla. 1st DCA 1991), this court stated that the State could prove the elements of a conspiracy by circumstantial evidence, but that the State “must prove that there was an intent to conspire, the intention to commit the offense, and the existence of an agreement.”
We agree with Perry that no direct proof was introduced below of an agreement between Perry and his wife or mother-in-law for the commission of a sexual battery. Further, the circumstantial evidence in the record is not sufficient to establish the existence of an agreement or intent to conspire.
Accordingly, we reverse the conviction and sentence for conspiracy and remand for entry of a JOA on that count.
AFFIRMED, in part, and REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.
PADOVANO, J., concurs, ROWE, J., concurs in part and dissents in part with opinion.