CONNER, J.,
dissenting.
I respectfully dissent because the record supports the trial court’s denial of the defendant’s motion for judgment of acquittal.
I agree with- the majority that proof of the defendant’s guilt is based on constructive possession of the shotgun and circumstantial evidence. A number of the cases cited' by the majority involve fact patterns of joint occupants of a. vehicle where contraband is found in the passenger compartment of a vehicle, which I do-not find to be particularly helpful in resolving the instant case in which contraband was found in the trunk of a rental car.
Because the car was rented and most modern cars do not require a key to open the trunk,’ I concede that possession of the car keys does not Sufficiently prove control over the contents of the trunk. •' Hówéver, I think the majority misses the mark for two reasons: (1) thé majority has not given due weight to the defendant’s admission in the back of the patrol car that he wás afraid his fingerprints would be found on the shotgun, and (2) the majority seems to contend that the State had to prove the defendant “immediately” had control over the shotgun when the vehicle was stopped (or was the one who put the shotgun in the trunk).
*940 First, the majority cites to Williams v. State, 110 So.3d 59 (Fla. 2d DCA 2013), specifically quoting:
“[The defendant] and her' passengers had equal access to-.'the black bag containing marijuana in the hatchback of the car, but the State did not present any evidence tying the’ bag to her specifically to the exclusion of her reasonable hypothesis of innocence.” Id. at 64 (emphasis added).
The majority even adds emphasis to the portion that was missing in the Cáse: evidence tying the defendant to the contraband.
However, in this case, specific evidence tying the defendant to the shotgun was introduced by the State. The defendant’s admission that he feared his fingerprints would be found on the shotgun was not just proof that the defendant had knowledge of the gun; it was also proof that he physically touched the shotgun. There is little difference, in terms of evi-dentiary value, between a lab test confirming fingerprints on contraband, and a defendant admitting that his or her fingerprints may be found. Both provide the same factual proof: that the defendant touched the contraband. Proof, that the defendant touched the shotgun in this case certainly supports an inference that he held the shotgun. Proof that the defendant held the shotgun was sufficient to deny a motion for judgment of acquittal, regardless of who put the shotgun in the trunk and who had immediate control over the shotgun at the .time the vehicle was stopped.[3]
However, there was also sufficient evidence in this case to show that the defendant had dominion and control over the contraband at the time of the offense. “ ‘In many instances ■,.. the ability to control [contraband] will be inferred from the ability to exercise control over the premises - where they are found.’ ” Jennings v. State, 124 So.3d 257, 263 (Fla. 3d DCA 2013) (quoting Johnson v. State, 456 So.2d 923, 924 (Fla. 3d DCA 1984)). Here, although there was conflicting testimony, there was at least evidence submitted that the defendant was the driver of the vehicle. This means that he had the ability to move the contraband, to stop the contraband from moving, and to “pop” the trunk and remove the contraband. “Control” is defined ás “[t]o exercise power or influence over.” Black’s Law Dictionary (10th ed.2014). It is commonly understood that dominion and control of an item includes the ability to knowingly manipulate the movement of the item.
This is also why the majority’s reliance on Gizaw v. State, 71 So.3d 214 (Fla. 2d DCA 2011), is misplaced. There, the receptacle in which the contraband was found was not tied to the defendant. The contraband was found in a suitcase, which was tied to the passenger. Id. at 216.- This means that there was more than one layer concealing the contraband: the contraband was in the suitcase, and the suitcase was in the trunk of the car. Therefore, although the defendant driver controlled the car, there was nothing tying her to the suitcase where the contraband was actually found. This type of “stacked” control is not necessary in this case, since the defendant had control over the entire vehicle, and the shotgun was not found within any additional container.
*941 Moreover, as the State argued in closing argument, the defendant’s comments and exchange with his co-defendant,
[Defendant]: Good thing we didn’t bring no drugs.
[Co-defendant]: Uh huh, I would have thrown the s — t away though.
[Defendant]: Yeah, but it — it would have been in the tnvrik.
[Co-defendant]: No, it would have — the s — t would have been in the front. Same reason, you know what I mean,
(emphasis added), indicated that the defendant was involved in using the trunk to transport contraband (the shotgun), even though the codefendant contended drugs would have been in the passenger compartment, so the drugs could easily be thrown out of the window.
I would affirm the denial of the motion for judgment of acquittal because the evidence was sufficient to show the defendant was connected to the shotgun found in the trunk of the car by at least temporary possession and control of it.

. Although the information alleged the defendant possessed the shotgun "on or about November 9, 2013,” proof of the date of the crime is not an element of the crime. See Sparks v. State, 273 So.2d 74, 75 (Fla.1973) ("It is not even essential that the date proved at trial be the date stated in the indictment or information.”).