NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HECTOR DELGADO,

                Appellant,

v.

STATE OF FLORIDA,

                Appellee.

Case No. 2D16-1035

Opinion filed October 6, 2017.

Appeal from the Circuit Court for
Hillsborough County; Samantha L.
Ward, Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.

ROTHSTEIN-YOUAKIM, Judge.

Hector Delgado appeals his judgment and sentences entered after a jury

found him guilty of the lesser included offense of principal to felony battery causing

great bodily harm (count two), see §§ 777.011, 784.041(1), Fla. Stat. (2015), and

conspiracy to deliver less than twenty grams of cannabis (count four), see §§ 777.04(3), 893.13(3), Fla. Stat. (2015).  We reject without further discussion Delgado's challenge to the trial court's admission of the firearm discovered outside of the home where Delgado and codefendant Samuel Frazier Lenker were arrested.  And although we also reject Delgado's argument that the court erred in denying his motion for a judgment of acquittal on count two, we agree that the court erred in denying his motion for a judgment of acquittal on count four because there is no competent, substantial evidence that he agreed with anyone to deliver cannabis.  Accordingly, we affirm the judgment and sentence as to count two but reverse the judgment and sentence as to count four.

## I. Background

Delgado and Lenker were charged with attempted second-degree murder while carrying a firearm and discharging a firearm causing great bodily harm (count one), see §§ 775.087(1)(b), (2)(a)(3), 777.04(1), 782.04(2), Fla. Stat. (2015); aggravated battery causing great bodily harm while carrying a firearm and discharging a firearm causing great bodily harm (count two), see §§ 775.087(1)(b), (2)(a)(3), 784.045(1)(a)(1); shooting at, within, or into a vehicle (count three), see § 790.19, Fla. Stat. (2015); and conspiring to deliver a controlled substance (cannabis) (count four), see §§ 777.04(3), 893.03(1)(c)(7), .13(1)(a)(2).  After severing Delgado's and Lenker's cases for trial, the State nolle prossed counts one and three against Delgado and announced that it would proceed to trial on count two as charged and on count four on the lesser included offense of conspiring to deliver less than twenty grams of cannabis. See §§ 777.04(3), 893.13(3).

The evidence at trial, viewed in the light most favorable to the State, established the following:

Devin Creech suffers from a debilitating medical condition that he eases by smoking cannabis. Consequently, in the early morning hours of July 27, 2015, Creech called and arranged, he thought, to purchase twenty dollars' worth of cannabis from Lenker. Creech enlisted a friend, Henry Manriquez, to give him a ride, and Creech's mother, Tangela Campbell, insisted on accompanying them.

En route to Lenker's general location, Creech twice had to call Lenker to find out where exactly they were to meet. Ultimately, Lenker directed Creech to a specific location; Manriquez parked the car there, and he, Creech, and Campbell sat waiting for Lenker.

After five or six minutes, Creech called Lenker again. Lenker told Creech to get out of the car and walk to meet him. Suspicious, Creech refused and told Lenker to come to him. A few minutes after that, Lenker and another person, later identified as Delgado, came slowly down the sidewalk on foot towards the car. Creech gave Campbell the twenty dollars, and she rolled down the window and waved the money at Delgado and Lenker as they approached. The men ignored Campbell, however, and instead went to the rear passenger's side of the car, where Creech was sitting. Cracking the door open, Creech attempted to direct Lenker's attention to the purchase money and asked where the cannabis was. Lenker patted his pockets, looked around, and responded, "[M]y homeboy's got it."

Delgado approached with a square piece of paper, momentarily attracting Creech's attention. When Creech saw that the paper did not contain cannabis,

however, he again became suspicious and pulled the door closed. Almost immediately after that, Lenker pulled a gun out of his waistband and pointed it at the back window of the car. Creech told Campbell and Manriquez that Lenker had a gun, told Manriquez to drive, and sought cover.

Campbell saw everything unfold from the front seat. Once she saw the gun, she turned around to push Creech's head down. Manriquez, who had not been paying attention until that point, tried to drive away, but they only made it a few feet before Lenker fired, shooting Campbell in the face and causing serious permanent injuries.

Responding officers and a K-9 unit tracked Delgado and Lenker to a nearby house. Several other people were also at the house. After officers obtained a search warrant, one officer recovered what appeared to be cannabis from an unlocked drawer in one of the bedrooms, but he did not know how long it had been there. Officers also recovered the gun, which had been stashed in a bag in a tree in the front yard.

In moving for a judgment of acquittal as to count two, Delgado argued that the State failed to prove that he had acted with the intent necessary to convict him as a principal. As to count four, he argued that the State proved nothing more than his mere presence at the scene and, therefore, failed to prove an agreement between him and anyone else to deliver cannabis. The State responded that the conspiracy could be inferred from the circumstances surrounding the drug transaction. The trial court denied the motion without explanation. The jury subsequently found Delgado guilty on count two of the lesser included offense of principal to felony battery causing great bodily

- 4 -

harm, see §§ 777.011, 784.041(1), and on count four (as amended) of conspiracy to deliver less than twenty grams of cannabis, see §§ 777.04(3), 893.13(3).

Post verdict, Delgado unsuccessfully renewed his motion for judgments of acquittal. The trial court sentenced him as a youthful offender to thirty-six months' imprisonment on count two and to time served on count four.[1] This appeal followed.

## II. Analysis

"In moving for a judgment of acquittal, a defendant admits all the facts introduced into evidence and all fair and reasonable inferences from them which must be viewed in the light most favorable to the State." Williams v. State, 110 So. 3d 59, 61 (Fla. 2d DCA 2013). The trial court should deny a motion for a judgment of acquittal when the State has presented legally sufficient evidence of each element of the offense. See Poczatek v. State, 213 So. 3d 1065, 1071 (Fla. 2d DCA 2017). This court reviews the denial of a motion for judgment of acquittal de novo and will not reverse if, upon viewing the evidence and all reasonable inferences in the light most favorable to the State, competent, substantial evidence supports the verdict. See Walls v. State, 184 So. 3d 1151, 1154 (Fla. 2d DCA 2015); Williams, 110 So. 3d at 61-62.

### A. Principal to Aggravated Battery

To establish Delgado's guilt as a principal to the battery offense that Lenker physically committed, the State had to prove that Delgado intended for Lenker to commit the offense and did some act that assisted Lenker to actually commit it. See

---

[1]The written judgment and sentence incorrectly identifies count four as charging conspiracy to deliver a controlled substance, see § 893.13(1)(a)(2), which was the original charge, rather than conspiracy to deliver less than twenty grams of cannabis, see § 893.13(3), which was the amended charge. Our disposition, however, obviates the need to correct this mistake on remand.

State v. Tovar, 110 So. 3d 33, 36 (Fla. 2d DCA 2013) ("[I]n order to be a principal in a crime, one must have a conscious intent that the crime be done and must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime." (alteration in original) (quoting L.J.S. v. State, 909 So. 2d 951, 952 (Fla. 2d DCA 2005))). "The elements of aiding and abetting—assisting the actual perpetrator in some way and intent to participate—'may be proven by a combination of surrounding circumstances from which a jury can reasonably infer a defendant's guilt.' " Salter v. State, 77 So. 3d 760, 763 (Fla. 4th DCA 2011) (quoting Parker v. State, 795 So. 2d 1096, 1099 (Fla. 4th DCA 2001)).

Delgado argues that competent, substantial evidence failed to establish that he either intended for Lenker to commit aggravated battery or did any act to assist Lenker in committing it. We disagree. From the evidence, the jury reasonably could infer that Lenker set up the cannabis sale with Creech as a ruse so that Lenker could commit a different offense, which ultimately resulted in the battery on Campbell. And from Lenker and Delgado's closely coordinated conduct, the jury reasonably could infer that Delgado was on board with Lenker's ruse the whole time. When Creech refused to get out of the car at Lenker's urging, Lenker and Delgado approached the car together. They both ignored the obvious opportunity to consummate a cannabis sale when they walked right past Campbell, who was waving the purchase money at them. Then, they acted in tandem and in quick succession to distract Creech: Lenker patted his pockets as if he were trying to find the cannabis and then directed Creech's attention to Delgado, who gave Lenker time to retrieve his firearm by distracting Creech with a piece of paper that clearly did not contain cannabis.

- 6 -

The quick succession in which these events occurred established that this was a preplanned, coordinated effort in which Delgado intended to participate. Moreover, it certainly refutes Delgado's contention that he was "merely present" at the scene. Cf. A.D. v. State, 106 So. 3d 67, 71 (Fla. 2d DCA 2013) ("Mere presence at the scene of the crime, knowledge of the crime, and even flight from the scene are insufficient to show that a defendant was an aider and abettor."). Therefore, the trial court did not err in denying Delgado's motion for a judgment of acquittal on count two.

### B. Conspiracy to Deliver Cannabis

To establish that Delgado conspired to deliver less than twenty grams of cannabis, the State had to prove (1) that Delgado intended that cannabis be delivered and (2) that Delgado agreed, conspired, combined, or confederated with another person to cause cannabis to be delivered. See § 777.04(3); Fla. Std. Jury Instr. (Crim.) 5.3; see also Bell v. State, 111 So. 3d 199, 201 (Fla. 4th DCA 2013) (reciting elements of criminal conspiracy to deliver cocaine). Although Delgado's intent and the existence of an agreement may be established through circumstantial evidence, see Schlicher v. State, 13 So. 3d 515, 517 (Fla. 4th DCA 2009), we agree with Delgado that the State introduced no evidence, direct or circumstantial, that Delgado had intended to deliver cannabis to Creech or that he had agreed with Lenker to cause the delivery of cannabis to Creech.

Our analysis on count two requires such a conclusion on this count. The evidence proving that Delgado acted as a principal on count two establishes that what Creech had believed to be a drug transaction was actually just a ruse to allow Lenker, with Delgado's help, to commit some other offense. See id. ("Logic demands that the

- 7 -

agreement that constitutes the conspiracy must be an agreement to commit <u>the same</u> criminal offense.").  There was no cannabis on the paper that Delgado held out to Creech, and the State failed to present any other evidence of an intent on Delgado's part to deliver cannabis or of an agreement between Delgado and Lenker (or anyone else) to deliver cannabis.[2]

### III.  Conclusion

Although competent, substantial evidence established Delgado's guilt on count two, it did not establish his guilt on count four, and the trial court, therefore, erred in denying his motion for a judgment of acquittal on that count.  Accordingly, we affirm Delgado's conviction for felony battery but reverse his conviction for conspiracy to deliver cannabis.

Affirmed in part; reversed in part.

WALLACE and SLEET, JJ., Concur.

---

[2]The suspected cannabis found in the drawer of the house where officers later found Delgado and Lenker cannot support Delgado's conspiracy conviction because there was no evidence demonstrating that it belonged to either Delgado or Lenker, and any link to them would be tenuous at best.